IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CONNECTICUT GENERAL LIFE       §
INSURANCE COMPANY AND          §
CIGNA HEALTH AND LIFE          §
INSURANCE COMPANY              §
                               §        JURY DEMANDED
            Plaintiff,         §
                               §
VS.                            §        CIVIL ACTION NO.:  4:13-CV-3291
                               §
HUMBLE SURGICAL HOSPITAL, LLC  §
                               §
            Defendant.         §

## HUMBLE SURGICAL HOSPITAL, LLC'S ORIGINAL ANSWER AND AMENDED COUNTERCLAIMS

Defendant Humble Surgical Hosptial, LLC (HSH) answers Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, Cigna) and would respectfully show as follows:

## INTRODUCTION

1.      HSH admits it has submitted bills to Cigna, and Cigna has paid a low portion of the bills. In all other respects, denied.

2.      HSH admits it has an out-of-network relationship with Cigna and has no contract with Cigna.  In all other respects, denied.

3.      HSH's admits it is owned in part by physicians who offer medical services to their patients at HSH.  HSH admits physicians are paid separately for the professional services provided at HSH.  HSH already fully and properly discloses all required information regarding physicians' interest to patients.  In all other respects, denied.

4.      HSH denies Cigna's entitlement to the relief sought.

1

## PARTIES

5.      Admitted.

6.      Admitted.

7.      Admitted.

## JURISDICTION AND VENUE

8.      Admitted.

9.      HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

10.     HSH accepts Cigna's characterization of its complaint and on that basis admits.

11.     Admitted that venue is proper in the Southern District of Texas, Houston Division and that some of the events and allegations made the basis of this lawsuit occurred in the Southern District of Texas.

## FACTUAL BACKGROUND

12.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

13.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

14.     HSH admits that it is not contracted with Cigna.  HSH accepts Cigna's characterization of its complaint and on that basis admits the remaining.

15.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

16.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

17.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

18.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

19.     HSH believes Cigna health benefit plans include out-of-network benefits.  HSH denies it does not set its fees in advance.  In all other respects, HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations.

20.     HSH admits it sets its own fees for services rendered to patients subject to the laws and regulations that govern the practice of medicine in Texas.  In all other respects, denied.

21.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

22.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

23.     HSH admits that coinsurance that Cigna members may pay towards out-of-network services can be higher that the coinsurance they may pay towards in-network services.  In all other respects, HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

24.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

25.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

26.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

2970272v1/014042

27.     HSH admits that Cigna members may be responsible for payment of charges which are not covered under their health care plan.   In all other respects, HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

28.     Denied.

29.     HSH admits that its compares its Charge Master to other hospitals in Houston, including Methodist and Memorial Hermann.   HSH admits that it set itself in the 85th percentile of Houst-area hospitals when creating its Charge Master.   HSH cannot verify the specific claims without additional information.   In all other respects, denied.

30.     HSH admits that the majority of the procedures performed at HSH since opening have been outpatient procedures.    In all other respects, denied.

31.     HSH admits utilization of an out-of-network hospital, rather than an in-network hospital may result in higher out-of-pocket costs to the patient.   In all other respects, denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     HSH admits that thus far it has only collected a fraction of what patients owe HSH.   HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph relating to specific medical procedures and claims.   In all other respects, denied.

36.     HSH admits as a for-profit entity it has, in the past, generated profits and income to its owners.   In all other respects, denied.

37.     Denied.

4

38.     Denied.

39.     Denied.

40.     HSH admits that the excerpted portions of the Texas Occupations Code are accurately quoted.

41.     Denied.

42.     Denied.

43.     HSH admits this paragraph represents Cigna's understanding of the Texas Occupations Code.

44.     HSH admits UB-04s were sent to Cigna for services rendered at or by HSH.  In all other respects, denied.

45.     HSH admits that the excerpted portions of the Texas Insurance Code are accurately quoted. In all other respects, denied.

46.     HSH admits that the excerpted portions of the Texas Occupations Code are accurately quoted. In all other respects, denied.

47.     Denied.

48.     HSH admits that the excerpted portions of the Texas Occupations Code are accurately quoted. In all other respects, denied.

## CLAIMS FOR RELIEF

49.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

50.     HSH admits it is entitled to a reasonable fee for the services provided.   In all other respects, denied.

51.     HSH admits it is not entitled to payments from Cigna for services that the Cigna plans do not cover.   HSH admits Cigna's plans are required to cover some portion of the charges for services that plan members receive at or from HSH.   In all other respects, denied.

52.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     HSH admits it intended for Cigna to rely on the UB-04 and representations contained therein in issuing reimbursement for the services billed.   In all other respects, denied.

60.     HSH denies Cigna's entitlement to the relief sought.

61.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

62.     Denied.

63.     HSH denies Cigna's entitlement to the relief sought.

64.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

65.     HSH admits this paragraph represents Cigna's understanding of the Texas law.   In all other respects, denied.

6

66.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of what Cigna plans are required to cover, but HSH admits Cigna plans are required to cover some portion of the charges for services that plan members receive at or from HSH.  In all other respects, denied.

67.     Denied.

68.     Denied.

69.     Denield.

70.     HSH denies Cigna's entitlement to the relief sought.

71.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

72.     Denied.

73.     HSH denies Cigna's entitlement to the relief sought.

74.     HSH denies Cigna's entitlement to the relief sought.  HSH already fully and properly discloses all required information regarding physicians' interest to patients.

75.     HSH denies Cigna's entitlement to the relief sought.

76.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

77.     HSH denies Cigna's entitlement to the relief sought.

## EXEMPLARY DAMAGES

78.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

79.     Denied.

## EQUITABLE RELIEF (ERISA)

80.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

81.     This paragraph is a legal conclusion rather than factual allegations; therefore, HSH is not required to admit or deny this paragraph.  If a response is deemed necessary, the allegations in this paragraph are denied.

82.     Admitted.

83.     Denied.

84.     HSH denies Cigna's entitlement to the relief sought.

85.     Denied.

86.     HSH admits that payments from Cigna were made to a single account.   In all other respects, denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     HSH denies Cigna's entitlement to the relief sought.

## **ATTORNEY'S FEES**

91.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

92.     HSH denies Cigna's entitlement to the relief sought.

## **CONDITIONS PRECEDENT**

93.     HSH lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegations in this paragraph.

## **JURY DEMAND**

94.     Admitted

## HSH'S AFFIRMATIVE DEFENSES

95.     Cigna's claims should be dismissed and if viable, pursued in arbitration because they arise out of Cigna's Specialist Physical Agreements with physician-owners of HSH which contain a mandatory arbitration clause.  Additionally, Cigna's agreements with its insureds, which are at issue here, also contain mandatory arbitration clauses.

96.     Some or all of Cigna's claims are barred or defeated because Cigna's claims concerning HSH's acceptance of Cigna's payment of benefits are barred by waiver, payment, release, acquiescence, estoppel, conduct and performance, ratification, laches, unclean hands, limitation of liability and/or accord and satisfaction.  Cigna engaged in extensive negotiations with HSH on the reasonable amount due on the claims now subject to this lawsuit.  Cigna paid HSH's disputed claims with full knowledge of the facts and circumstances of each claim.

97.     Some or all of Cigna's claims are barred or defeated by Cigna's own conduct, failure to act in a commercially-reasonable manner, and failure to mitigate damages.  Cigna failed to object within a reasonable time after it knew or should have known of the acts or conditions from which it now claims it has suffered damages.

98.     Some or all of Cigna's claims are preempted by ERISA. ERISA preempts Cigna's state-law claims for fraud, money had and received, unjust enrichment, tortious interference, and declaratory judgment to the extent those claims "relate to" and ERISA plan.

## COUNTERCLAIMS

## PARTIES

Counter-Plaintiff/Defendant, Humble Surgical Center LLC (HSH), is a Texas limited liability company doing business in Harris County, Texas, and is the lawful assignee of all the counterclaims asserted herein.

Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, Cigna) are corporations organized under the laws of the State of Connecticut with their principal place of business in the State of Connecticut.  Cigna has already appeared in this action.

## JURISDICTION AND VENUE

This Court has personal jurisdiction over Cigna, which conducts substantial business in Texas and a substantial part of the events or omissions giving rise to the counterclaims occurred here.  Cigna has already appeared in this action.

The Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1001 *et seq.*, Employment Retirement Income Security Act ("ERISA"), as HSH's claims in part arise under ERISA.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, law or treaties of the United States.

Venue is proper in the Southern District of Texas pursuant to 29 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the counterclaims occurred here.

## INTRODUCTION

HSH asserts counterclaims arising out of federal law, including ERISA, as well as applicable state law.

HSH brings this action pursuant to healthcare plans directly insured and/or administered by Cigna.  The plans at issue permit subscribers to obtain healthcare services from facilities such as HSH that have not entered into contracts with Cigna (referred to as "out-of-network," "non-participating" or "non-par" providers).  HSH believes, Cigna is required under the terms of its healthcare contracts to pay benefits promptly for such out-of-network services based on the particular Cigna Plan and/or policy.

Generally, a patient's healthcare benefit plan is governed by the applicable provisions of ERISA, 29 U.S.C. §§ 1001 et seq. The patient's ERISA health plan is interpreted by the plan administrator, which is the employer and not by a third party administrator such as Cigna, unless such authority has been delegated or assigned to Cigna by the Plan Sponsor. In some of the Plans at issue herein, there is no "Discretionary Authority" provision which means that Cigna cannot lawfully interpret the provisions of the Plans. The employee member pays a part of the cost of the insurance. The Plan provides the employee member certain benefits, which includes the right to go to a doctor or facility of her choice to treat illness and to obtain reimbursement.

With regard to all Cigna beneficiaries, members and subscribers, HSH requires that they sign documents whereby the employee member or subscriber agrees to be personally responsible for all charges of HSH. As a part of these documents, HSH obtains an Assignment of Benefits that makes HSH the beneficiary of the ERISA plans and the non-ERISA contracts. HSH does not waive a deductible or co-payment by the acceptance of the Assignment. Because of this Assignment of Benefits, HSH also has standing to sue Cigna under all insured contracts.

**FACTS**

11

Cigna intentionally or recklessly underpaid HSH for claims and services provided at or by HSH to Cigna's insureds.  Additionally, Cigna failed to pay these claims promptly.  Cigna significantly underpaid, or in some instances paid nothing at all, for procedures performed at HSH, contradicting the healthcare plans of its subscriber patients.  Cigna significantly underpaid claims for procedures performed at HSH solely for financial benefit to Cigna.  Cigna's failure to pay what it was obligated to pay for procedures performed at HSH resulted in direct financial benefit to Cigna.

Cigna engaged in negotiations with HSH as to the reasonable amount due on many of the claims that are now the subject of Cigna's lawsuit against HSH.  As a result of these negotiations, Cigna and HSH agreed on the amount that Cigna would pay for procedures performed at HSH, and Cigna paid those amounts pursuant to the terms of the settlement agreements it negotiated. Cigna paid for procedures performed at HSH with full knowledge of the facts and circumstances of each claim.  Cigna now wrongfully attempts to recover part of the negotiated and settled claims in breach of those agreements.

In the alternative, Cigna intentionally paid certain claims for procedures performed at HSH at rates Cigna believed to be unreasonably high, in order to later recover these claims through coercion and litigation, solely for financial benefit to Cigna

In situations where Cigna does not directly insure group health plans, it functions as the third party "plan administrator" as that term is defined under ERISA, and thus assumes all obligations imposed by ERISA on such plan administrators.

Cigna also functions as a fiduciary for self-funded health plans and has fiduciary duties under ERISA. At times, Cigna exercises discretionary control in its interactions with self-funded health plans and their subscribers, pursuant to rights granted by the Plan Sponsor.

12

Cigna also entered into Administrative Service Only (ASO) Agreements, pursuant to which Cigna administers those Plan Sponsors' self-funded health benefit plans.

Under some ASO Agreements, Plan Sponsors delegate responsibilities and authority over self-funded plans to Cigna. These responsibilities include determining eligibility and enrollment for coverage under the Plan according to the information provided by the Employer, making factual determinations to interpret the provisions of the Plan to make coverage determinations on claims for Plan Benefits, conducting a full and fair review of each claim which has been denied, and conducting both mandatory levels of appeal determinations for all Concurrent, Pre-service and Post-service claims and notifying the Member or the Member's authorized representatives of its decision. Most of these obligations are required of the plan administrator by the applicable provisions of ERISA.

The foregoing contractual provisions, as well as HSH's dealings with Cigna as described herein, demonstrate that Cigna exercises discretionary authority and/or discretionary control over the self-funded health benefit plans that Cigna administers, and the assets of the self-funded health benefit plans that Cigna administers (both of which the Plan Sponsors, with whom Cigna contracts, have unequivocally yielded to Cigna).

In connection with Cigna's claims against HSH, Cigna's position is that it has made claim determinations without valid or appropriate data and/or reasons to support payments.  If that is true, Cigna violated its fiduciary obligations under ERISA as well as disclosure and other statutory obligations.

When Cigna insures a plan directly, as well as when it exercises discretionary authority or control, Cigna is an ERISA fiduciary. Cigna therefore owes fiduciary duties to all members and

subscribers in its ERISA plans and also to HSH as a beneficiary and assignee of the Assignment of Benefits signed by Cigna's members/subscribers who receive services at HSH.

**Wrongful Claims Determination:**

In Spring 2012, Cigna intentionally targeted HSH by "blacklisting" procedures performed at HSH from payment procedures. Cigna contacted member-insureds, and informed them that Cigna would cease to cover procedures done at HSH, even as an out-of-network facility. Also, during this time period, Cigna substantially increased the medical records requests in order to intentionally "stall" payments. In numerous appeals made therefrom, Cigna has systematically failed to respond and produce copies of the requested plans and/or policies.

Cigna's failure to pay, or threats not to pay, for healthcare services performed at HSH to Cigna insureds are acts of coercion and intimidation. The practice of intentionally under-paying out-of-network providers is nothing new to Cigna or to entities, like Ingenix, that have assisted Cigna with regard to payment of claims in the past. Because it was a database that had the effect of allowing Cigna and others to systematically "stick consumers with billions of dollars that the insurance industry should have been paying," Ingenix was forced to close down the database See Hearing before the United States Senate Committee on Commerce, Science and Transportation, S. Hrg. 11-37, Part 2 (March 31, 2009).

**Failure to provide documents:**

The civil enforcement section of ERISA, particularly 502(c), codified at 29 U.S.C. § 1132(c)(1)(B) provides that a participant or beneficiary is entitled to request claims rejection information from the administrator. If the administrator does not provide the information within 30 days, the administrator may be liable for up to $100 a day, per claim.

HSH has requested from Cigna both plan and plan associated documents on claims made by HSH. Cigna has refused and continues to refuse to provide those documents. HSH is entitled to the requested plan documents and associated documents.  HSH is also entitled to a civil penalty of $100 per day for failure to timely comply with the request under 29 U.S.C. § 1132(c), until the documents are produced.

## CAUSES OF ACTION

### Cigna's Failure to Comply with Group Plans in Violation of ERISA

HSH incorporates by reference the preceding paragraphs.

HSH is entitled to enforce the terms of the plans, as assignee of directly insured subscribers/members under 29 U.S.C. § 1132(a)(1)(B), for whom Cigna has made claims determinations without valid data and/or has done so in an arbitrary fashion, and to obtain appropriate relief under such provision. Under § 502(a) of ERISA, HSH (as beneficiary and assignee) is entitled to recover benefits due to HSH and/or the patients from whom HSH received Assignments of Benefits, under the terms of the plans between the patients and Cigna.

Cigna acted as a fiduciary to its beneficiaries, including HSH as assignee, because Cigna exercised discretion in determining whether plan benefits would be paid, and/or the amounts of plan benefits that would be paid, to those plan beneficiaries. As a fiduciary under ERISA, Cigna is subject to a civil action under § 502(a) of ERISA. In violation of ERISA, Cigna failed to make payments of benefits to HSH as assignee, as required under the terms of the plans between the patients and Cigna. In further violation of ERISA, Cigna failed to provide HSH as assignee with all rights under the terms of the plan between the patients and Cigna, as required by ERISA. Cigna failed to make clear to HSH as assignee its rights to future benefits under the terms of the plans between the patients and Cigna, as required by ERISA.

Cigna breached the terms of the plans, by making claims determinations that had the effect of reimbursing less than the stated percentage of their provider's actual charges without valid evidence or information to substantiate such determinations and/or in an arbitrary fashion.

As a proximate result of Cigna's wrongful acts, HSH has been damaged in the amount in excess of the jurisdictional limits of this Court.

## Cigna's Breach of Fiduciary Duties under ERISA

HSH incorporates by reference the preceding paragraphs.

HSH, as the assignee of ERISA subscribers/members, is entitled to assert a claim for relief under Cigna's breach of the fiduciary duties of loyalty and care under 29 U.S.C. § 1132(a)(3).

Cigna acted as "fiduciary" to HSH as an assignee in connection with the beneficiaries' group health plans, as such term is understood under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). In its capacity as the insurer, plan administrator, claims administrator and/or fiduciary of ERISA group plans, Cigna is a fiduciary.

Cigna breached its duties to HSH as assignee by underpaying claims without valid data or evidence to substantiate the amount paid, and/or doing so in an arbitrary fashion, by omitting material information about its determinations from HSH and/or by making misrepresentations about its claims determinations. Specifically, Cigna acted as fiduciary to HSH as assignee because Cigna exercised discretion in determining whether plan benefits would be paid, and/or the amounts of plan benefits that would be paid, to those plan beneficiaries. The exercise of discretion in such determinations of plan benefits is an inherently fiduciary function that must be carried out in accordance with the terms of the plan, not in a manner to maximize profit to Cigna by paying lesser amounts to HSH.

By engaging in the conduct described above, Cigna failed to act with the care, skill, prudence and diligence that a prudent plan administrator would use in the conduct of an enterprise of like character or to act in accordance with the documents and instruments governing the plan. Fiduciaries must ensure that they are acting in accordance with the documents and instruments governing the plan. ERISA §§ 404(a)(1)(B) and (D), 29 U.S.C. §§ 1104(a)(1)(B) and (D).

Cigna violated its fiduciary duty of care by, among other things, determining whether plan benefits would be paid, and/or determining the amounts of plan benefits that would be paid, to those plan beneficiaries based on maximizing profit to Cigna, rather than based on the terms of the plans and applicable statutes and regulations.

As a fiduciary of group health plans under ERISA, Cigna owes beneficiaries a duty of loyalty, defined as an obligation to make decisions in the interest of beneficiaries, and to avoid self-dealing or financial arrangements that benefit the fiduciary at the expense of beneficiaries. Cigna cannot, for example, make benefit determinations for the purpose of maximizing profit to Cigna at the expense of beneficiaries.

Cigna violated its fiduciary duty of loyalty by, among other things, determining whether plan benefits would be paid, and/or determining the amounts of plan benefits that would be paid, to those plan beneficiaries based on maximizing profit to Cigna, rather than based on the terms of the plans and applicable statutes and regulations.

HSH is entitled to relief for Cigna's violation of its fiduciary duties under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including restitution, injunctive and declaratory relief, and its removal as a breaching fiduciary.

As a direct and proximate cause of Cigna's ERISA breaches, HSH has been and continues to be damaged in an amount in excess of the jurisdictional limits of the Court.

## Cigna's Failure to Provide Full and Fair Review Under ERISA

HSH incorporates by reference the preceding paragraphs.

Cigna functions as the "plan administrator" within the meaning of such terms under ERISA when it insures a group health plan, or when it is designated as a plan administrator for such plan. As such, HSH is entitled to assert a claim for relief under 29 U.S.C. § 1132(a)(3).

Although Cigna was obligated to provide a "full and fair review" of all claims, it failed to do so in connection with claims paid to HSH, and otherwise failed to make necessary disclosures pursuant to 29 U.S.C. § 1133 (and its regulations).

HSH was proximately harmed by Cigna's failure to comply with 29 U.S.C. § 1133 and has been damaged in an amount in excess of the jurisdictional limits of the Court.

## Cigna's Violations of Claims Procedure Under ERISA

HSH incorporates by reference the preceding paragraphs.

Cigna is an insurance company that is subject to regulation under the insurance laws of more than one state, including the State of Texas. Further, Cigna processes benefit claims for self-funded plans providing claims filing and notices of decisions to policyholders in such plans.

Cigna is an insurance company and must comply with claims procedures defined by law (e.g., 29 CFR § 2560.503-1) for subscribers and members. HSH is therefore entitled to seek additional relief if an insurance company failed to comply with federal law. 29 U.S.C. § 1132(a)(3).

Cigna violated these claims procedure regulations by engaging in conduct that rendered its claims procedures and appeals process unfair to subscribers and their assignee.

As a proximate result of its violation of such regulations, HSH has been harmed in an amount in excess of the jurisdictional limits of this Court.

18

### Texas Insurance Code

HSH incorporates by reference the preceding paragraphs.

The acts and omissions also constitute violations of Texas common law and the Texas Insurance Code. By arbitrarily delaying and failing to timely pay claims, Cigna is in violation of the Texas Prompt Pay Statute, Tex. Ins. Code § 542.058, among other sections.  Further, the acts and omission constitute an illegal boycott or an act of coercion in violation of Tex. Ins. Code § 541.003, as an act of unfair competition within the state of Texas. See also, Tex. Ins. Code § 541.054.

As a proximate result of its violations of such regulations and laws, HSH has been harmed in an amount in excess of the jurisdictional limits of this Court.

### Breach of Contract

HSH incorporates by reference the preceding paragraphs.

Cigna is liable to HSH for breaches of contracts with its insureds.

In addition, Cigna is liable to HSH for breaches of contracts with HSH.  Cigna individually negotiated and contracted with HSH for procedures performed at HSH to determine and finalize claims.  Cigna now seeks to renege on these finalized contracts and improperly seeks to recover payments that were properly made.

### Promissory Estoppel

HSH incorporates by reference the preceding paragraphs.

HSH brings a claim for promissory estoppel in its own right as a third party provider. Cigna members received healthcare services at HSH.  Before scheduling any procedure for Cigna members, HSH contacted Cigna or the contracted agent that is listed on each member's insurance

19

card to confirm whether coverage was available for the scheduled services and to obtain the specific coverage details for that patient's insurance plan.

When Cigna received calls from HSH concerning eligibility, coverage and benefits for a patient, Cigna or its agents would know and disclose any limitations upon payment.  In each instance, Cigna confirmed eligibility, coverage and benefits for the scheduled procedure.  Cigna agents never disclosed coverage and/or limitations or restrictions.

By confirming coverage, Cigna made a clear and definite promise to pay HSH for each of the services provided.

These unambiguous promises to pay HSH constitute an obligation Cigna owes to HSH independent of the obligations Cigna owe their own members under the plans.

HSH did not have access to any of the various member plans that covered the Cigna members, and therefore, had to rely upon the information provided by the agents of Cigna, in order to determine whether HSH would be reimbursed for services performed for Cigna members.

Based upon these representations, HSH provided services to Cigna members.  HSH's reliance on these representations was foreseeable to Cigna.  Through the communications between HSH and Cigna, Cigna knew that HSH was attempting to determine coverage information for Cigna members.

HSH's reliance upon Cigna's coverage and benefit payment promises was detrimental to HSH's business operations and cash flow because HSH did not require patients to make alternate payment arrangements before the procedures were scheduled and services were provided.

After providing services to Cigna members, HSH submitted proper claims to Cigna for payment of benefits in accordance with Cigna's representations.

Despite its obligation to pay each claim, Cigna has failed, and continues to fail, to pay HSH consistent with its agents and its unambiguous promises to pay for the services it provided to the Cigna members.

Cigna is required to pay benefits in amounts consistent with the statements made while confirming coverage with HSH.

As a proximate result of its reliance on Cigna's unambiguous promises, HSH has been harmed in an amount in excess of the jurisdictional limits of this Court.

### **Failure to Provide Information**

HSH incorporates by reference the preceding paragraphs.

Cigna's failure to comply with the request for information pursuant to 29 U.S.C. § 1132(c)(1)(B) provides a civil penalty in the amount of $100 per day for such failure or refusal to provide the requested documents.  As such, HSH is entitled to the requested documents and to the $100 per day civil penalty.

### **Damages**

HSH incorporates by reference the preceding paragraphs.

HSH is entitled to compensatory damages in an amount in excess of the jurisdictional limits of this Court.

Further, HSH is entitled to damages and interest under the Texas Prompt Pay Statute in an amount in excess of the jurisdictional limits of this Court.

### **Attorney's Fees**

HSH incorporates by reference the preceding paragraphs.

Pursuant to ERISA § 17.41, Tex. Bus. & Comm. Code, §§ 38.001, et seq., Tex. Civ. Prac. & Rem. Code, and Fed. R. Civ. P. 54(c), HSH is entitled to the award of attorney's fees in the amount of at least $600,000.

### Punitive/ Exemplary Damages

HSH incorporates by reference the preceding paragraphs.

The acts and omissions on the part of Cigna was committed with malice and were intentional in nature, justifying the imposition of punitive and exemplary damages against Cigna, jointly and severally, in an amount in excess of the jurisdictional limits of this Court.

### Request for Declaratory Judgment

HSH incorporates by reference the preceding paragraphs.

Pursuant to 28 U.S.C. § 2201 and Chapter 37, Tex. Civ. Prac. & Rem. Code, HSH seeks a declaratory judgment from this Court that:

    a.  All claims for reimbursement of healthcare benefits performed at HSH were properly submitted to Cigna at any time in compliance with all state and federal laws;

    b.  HSH did not engage in any acts of fraud or misrepresentation in their collective attempts to recover healthcare benefits from Cigna at any time;

    c.  Cigna was billed for procedures performed at HSH at the usual, customary and reasonable rate and/or the Maximum Reimbursable Charge for healthcare services rendered to Cigna's insured members/participants at any time;

    d.  HSH, as beneficiary of its patient's claims, is entitled to be fully reimbursed by Cigna for billed charges.  In the alternative HSH is entitled to be fully reimbursed

at the usual, customary and reasonable rate and/or the Maximum Reimbursable Charge for all healthcare claims made for procedures performed at HSH, as set forth in Cigna's applicable plans and/or policies; and,

Pursuant to Section 37.009 of the Tex. Civ. Prac. & Rem. Code and 28 U.S.C. § 201, HSH seeks to recover its costs and all reasonable and necessary attorneys' fees as are equitable and just in the litigation of this matter, which will be in an amount in excess of the jurisdictional limits of the court.

For these reasons, HSH asks for judgment of and against Cigna for damages; attorneys' fees; both pre-judgment and post-judgment interest at the highest rates allowed by law; taxable costs; the entry of an Order requiring Cigna to produce the requested plan and associated documents; declaratory relief as requested; all relief pursuant to Rule 54(c), Fed. R. Civ. P.; and such other and further relief to which they may show themselves justly entitled.

2970272v1/014042

Respectfully submitted,

By: /s/ Brian D. Melton
Brian D. Melton
Attorney-in-Charge
Southern District of Texas No.: 26016
State Bar No. 24010620
bmelton@susmangodfrey.com
Jonathan J. Ross
Southern District of Texas No.: 18293
State Bar No. 00791575
jross@susmangodfrey.com
Melissa L. Downey
Southern District of Texas No.: 1901380
State Bar No. 24066938
mdowney@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

ATTORNEYS FOR DEFENDANT
HUMBLE SURGICAL HOSPITAL LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April ____, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Brian D. Melton
Brian D. Melton

24