UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, *et al*, § § § § Plaintiffs, § VS. § HUMBLE SURGICAL HOSPITAL, LLC, § § Defendant. § | § § § § § CIVIL ACTION NO. 4:13-CV-3291 § § § § |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

The plaintiffs, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna"), bring suit against the defendant, Humble Surgical Hospital, LLC ("HSH"), to recover alleged overpayments made to HSH for out-of-network services. The complaint (ECF No. 1) asserts various state common law claims sounding in tort, as well as claims for declaratory and injunctive relief. Alternatively, Cigna seeks equitable relief under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Pending before the Court is the defendant's FED. R. CIV. P. 12(c) motion for judgment on the pleadings, which challenges the complaint based on theories of ERISA preemption and statutory standing (ECF No. 16). The plaintiffs filed an opposing response (ECF No. 21) and the defendant timely replied (ECF No. 31). Having reviewed the pleadings, motion, responsive documents and applicable law, the Court determines that HSH's motion should be GRANTED in its entirety.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Cigna is a global health service company that offers health care coverage and benefits through a variety of plans and policies of insurance. According to paragraph 13 of the complaint, the available plans include

> (i) self-funded plans for which Cigna provides various third-party claims administrative services, (ii) plans insured under group policies issued by Cigna where plans are established and maintained by private employers, (iii) plans covering federal employees, (iv) plans covering employees of state governmental entities, (v) church plans, (vi) policies issued to individuals, and (vii) Medicare.

Under these plans, Cigna members may receive treatment from either "in-network" providers, who contract with Cigna to render services at discounted rates, or "out-of-network" providers, who set their own fee schedules and have no contractual relationship with Cigna. Cigna reimburses the cost of services performed by both types of providers, subject to benefit limits and copayments, deductibles and coinsurance paid by the patient. Inevitably, Cigna members receiving out-of-network services are required to pay higher out-of-pocket costs than they would have to pay for similar in-network services typically obtainable with little or no financial risk or out-of-pocket expense. This allocation of cost, it is alleged, enables employers to offer affordable health care and incentivizes their plan member-employees to seek cheaper, in-network services and avoid costly, out-of-network ones.

HSH is an out-of-network provider with an alleged five-bed facility in Humble, Texas. As an out-of-network provider, it offers health care services at a significantly higher price than in-network rates for comparable services. HSH admittedly sets its

prices for services based on comparable fees charged by major hospitals in the Houston area. Cigna characterizes HSH's rates as "excessive" and "unreasonable" given its small size. Since August 2010, Cigna alleges, HSH has employed a billing scheme that causes Cigna to pay more than its required share under its coverage plans while plan members pay virtually nothing at all or, at best, nominal amounts. HSH routinely bills Cigna members at in-network rates, assuring patients that they will only owe the in-network deductible or coinsurance and effectively waiving patient responsibility for the out-of-network services received. HSH then bills Cigna at the out-of-network rate without disclosing the waiver. As a result of the alleged scheme, Cigna "processed benefits for services based on . . . falsely-stated charges and paid . . . benefits directly to [HSH]." Cigna further alleges that HSH pays referral fees to physicians, some of whom are owners of HSH, to induce them to refer their patients to its facility. Allegedly, these so-called "kickbacks" are never disclosed to the patients, who are led to believe that HSH is the only choice that the doctors are able to offer.

Based on these allegations, Cigna asserts state law claims for money had and received, common law fraud, negligent misrepresentation and unjust enrichment. Under these theories, Cigna seeks restitution of overpayments it made to HSH for "false and excessively billed services." Cigna also seeks injunctive relief requiring HSH to disclose the referral arrangements it has made with physicians, especially those who have an ownership interest in HSH. The injunction would also enjoin HSH from charging unreasonable fees and waiving patient responsibility for its out-of-network services.

Additionally, Cigna seeks a declaratory judgment that HSH's billing practices violate various Texas statutes and that Cigna is entitled to recoup all overpayments paid to HSH.

Alternatively, Cigna seeks equitable relief under ERISA, 29 U.S.C. § 1132(a)(3), "to the extent this dispute involves the exercise of Cigna's discretion under an ERISA plan." Cigna alleges that it is an ERISA fiduciary for this purpose, and that HSH is a derivative beneficiary of such a plan. Among other things, it seeks a constructive trust over funds obtained from HSH's fraudulent conduct, an order requiring the return of such funds, and an injunction enjoining HSH from disposing of or transferring the funds.

HSH now moves for a judgment on the sufficiency of Cigna's complaint.

## III.   PARTIES' CONTENTIONS

HSH first seeks a judgment on all of Cigna's state law claims that arise from its alleged overpayment of claims under various insurance plans regulated and preempted by ERISA. Citing *Transitional Hospitals Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999), HSH essentially argues that resolution of Cigna's state law claims is "dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan" and that ERISA provides the exclusive remedy for these claims pursuant to 29 U.S.C. §§ 1132(a), 1144 (ERISA §§ 502(a), 514, respectively). HSH further contends that to the extent that Cigna's claims are masked ERISA claims, Cigna lacks standing to sue under the statute because it has not pleaded facts to establish that it is a fiduciary under any specific plan from which the overpayments arise. In particular, Cigna has not alleged facts showing that it exercises discretionary authority to interpret the terms of its plan(s) and determine a claimant's

eligibility for benefits, as required by 29 U.S.C. § 1002(21)(A). HSH also seeks judgment on Cigna's state law claims that arise from non-ERISA plans because, in its view, Cigna failed to adequately identify them in the complaint.

With respect to preemption, Cigna concedes that it insures self-funded plans and employee health benefit plans that are governed by ERISA and cites to paragraph 13 of the complaint in support of this concession. Additionally, on two occasions in its motion, Cigna expressly admits that the six exemplar insurance claims identified in the complaint arise from plans governed by ERISA. Nevertheless, Cigna follows these concessions with several arguments that challenge HSH's preemption defense: (1) "ERISA cannot possibly preempt Cigna's claims for [HSH]'s overbilling regarding non-ERISA plans . . . [n]or does it preempt Cigna's state-law claims as to ERISA plans"; (2) ERISA preemption does not immunize providers from claims of overbilling; (3) HSH's duty not to overbill exists independent of ERISA; (4) HSH is not a traditional ERISA entity; and (5) resolution of Cigna's state law claims does not depend on interpretation of its plans. Cigna responds to HSH's standing challenge by asserting that it is "a fiduciary of the ERISA plans at issue," and that it has substantiated this assertion with the factual allegations contained in paragraphs 13, 14 and 15 of the complaint.

Because it has alleged recovery of overpayments under both ERISA and non-ERISA plans, Cigna resists the idea that it bears any additional responsibility for delineating which of its claims arise from ERISA plans and which arise from non-ERISA plans. Relying on *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376,

378 (5th Cir. 2011), it maintains that HSH, as the billing entity, bears the burden of identifying which insurance claims involve ERISA plans and which do not.

## IV. STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *E.g.*, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (internal quotation marks omitted). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009); *see* FED. R. CIV. P. 8(a)(2). Although the Court accepts as true all well-pleaded facts, the complaint must allege "more than labels and conclusions." *Twombly*, 550 U.S. at 555; *Jebaco*, 587 F.3d at 518 (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do," and "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## V. ANALYSIS AND DISCUSSION

Cigna's express concession that ERISA preempts its state law claims arising from its self-funded plans and employee benefit plans makes it unnecessary to engage in a lengthy discussion about the scope of ERISA preemption. Cigna's opposition contains the following representative statement:

> . . . Cigna's complaint identifies six specific claims at issue by the plan member's initials, date of service, procedure, charges billed by Humble, and the amount paid to Humble by Cigna. (*See* Compl. ¶ 29). All of these

patients are members of plans governed by ERISA and administered by Cigna.

Cigna makes a similar statement in the opening paragraphs of its submission. Because nothing in the pleadings undermines this concession, the Court finds that ERISA preemption applies to all state claims arising from Cigna's self-funded plans and employee benefit plans.

Cigna bears the burden of alleging facts that establish standing to sue under ERISA.[1] *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990), *overruled on other grounds, City of Littleton v. Z.J. Gifts D–4, LLC,* 541 U.S. 774 (2004) ("[Plaintiffs] . . . must 'allege . . . facts essential to show jurisdiction. If [they] fai[l] to make the necessary allegations, [they have] no standing.'"). The statute's civil enforcement provision confers standing on "a participant, beneficiary, or fiduciary" seeking equitable relief. 29 U.S.C. § 1132(a)(3). Although Cigna has pleaded that it is a fiduciary, as that term is defined by 29 U.S.C. § 1002(21)(A) and interpreted by the courts, the allegation is unsubstantiated and, therefore, conclusory.

In *Jimenez v. Sun Life Assur. Co. of Canada*, 486 Fed. App'x 398, 405 (5th Cir. 2012), where an injured claimant appealed the denial of health care benefits, the Fifth Circuit determined that the insurer was an ERISA fiduciary based on the terms of the insurer's policy. The policy expressly granted discretionary authority to the insurer to determine the plaintiff's eligibility for benefits as well as the right to interpret the terms

---

[1] For this purpose, Cigna attaches an exemplar plan to its motion response, but the Court will not consider it since it is not part of the complaint. *See, e.g.*, *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.").

of the policy for this purpose. This grant of authority, the Court found, qualified the insurer as a cognizable fiduciary. *Id.* Guided by *Jimenez*, the Court concludes that the preempted or alternative ERISA claims in this case are insufficient because they do not incorporate any plan(s) to which Cigna claims to owe fiduciary duties nor do they excerpt language from those plans from which an inference of standing could be made. *See id.; cf. Salman v. N. Am. Benefits Co.*, No. CIV.A. H-12-2544, 2013 WL 2422593, at *2 (S.D. Tex. Jun. 3, 2013) (dismissing ERISA breach of fiduciary duty claim against insurer's agent because plaintiff-beneficiary failed to plead facts demonstrating that agent was plan fiduciary). Because Cigna has not met its burden of demonstrating standing under ERISA, the Court cannot exercise jurisdiction over any claims arising thereunder.

Cigna has likewise failed to adequately plead state law claims arising from non-ERISA plans. It has not identified any plan(s) that fall into this category. Cigna bears the exclusive burden of establishing the existence of any plan from which its non-ERISA claims arise. It is a burden that is inextricably intertwined with its Rule 8 burden to make "a short and plain statement of [its] claim showing that [it] is entitled to relief." FED. R. CIV. P. 8(a)(2).

Cigna misguidedly urges the Court to place its Rule 8 burden on HSH and misapplies *Access Mediquip* in the process. Although Cigna correctly points out that "ERISA preemption is an affirmative defense which must be proven by the defendant at trial," *Access Mediquip*, 662 F.3d at 378, the Fifth Circuit made this statement in the context of a motion for summary judgment, not a Rule 12(c) motion, and where the insurer was the defendant, not the plaintiff. Undoubtedly, the statement presumes that a

civil complaint has adequately identified a plan in the first instance. After all, an ERISA preemption defense need not be proven if a plan does not exist. To qualify as an ERISA plan, a benefit plan must, *inter alia*, "exist" and not fall within the Department of Labor's ("DOL") safe harbor exclusion. *E.g.*, *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000) (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993)); *see* 29 U.S.C. § 1003(a), (b). In the same manner, to qualify as a non-ERISA plan, a benefit plan must "exist" and fall within a DOL exception.

### VI. CONCLUSION

Based on the foregoing analysis and discussion, the Court concludes that ERISA preempts all state claims arising from Cigna's self-funded plans and employee benefit plans. Cigna has not alleged sufficient facts to establish standing to sue under ERISA nor has it alleged sufficient facts to establish the existence of any plan from which its non-ERISA claims arise. As pleaded, Cigna's state and federal claims are deficient. HSH's motion for judgment on the pleadings is therefore GRANTED and Cigna's complaint is dismissed.

It is so **ORDERED**.

SIGNED on this 24th day of March, 2015.

_____
Kenneth M. Hoyt
United States District Judge