IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:13-CV-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC, | § § § | |
| Defendant. | § | |

## MOTION FOR CONTINUANCE

Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company ("Plaintiffs" or "Cigna") file this Motion for Continuance, seeking to extend the current deadlines and trial setting. In support thereof, Cigna respectfully shows the Court as follows:

1. The case is currently set on the November trial docket.

2. The discovery cut-off date is September 30, 2015.

3. On July 7, 2015, this Court held a hearing on Humble's motion to compel. Humble filed a motion to compel because Cigna had not produced twelve documents within days of Humble's request for the information, even though Cigna had started producing immediately after the meet and confer. Cigna had completed its production before the hearing, such that the Court found the motion was moot. Dkt#101. Nonetheless, the Court used the hearing as an opportunity to discuss the status of discovery.

HOU:3581576.1

4. As Cigna established at the hearing and in its response to Humble's motion, Cigna had been discussing with Humble's prior counsel[1] numerous deficiencies in Humble's document production since September 18, 2014, and had been waiting, more than patiently, for Humble to complete its production.[2] The parties had agreed to postpone fact-witness depositions until Humble completed its document production, which the parties anticipated would be completed by mid-April.[3] Then Humble changed counsel and present counsel took until June to get up to speed.[4] Instead of producing its long overdue documents, in June, Humble filed a motion to compel against Cigna. By the time of the hearing in July, Humble had still not produced any additional documents in response to Cigna's outstanding document requests. In light of this state of discovery, the Court expressed concern whether the parties would be able to complete discovery in time for the November trial. Humble represented that it would produce documents after the hearing and that it intended to hold the November trial setting. Given Humble's failure to produce up until that point, Cigna expressed concern whether discovery could be completed in time.

5. In the month since the hearing, Humble has gone on a discovery blitz, serving numerous written discovery requests in addition to producing thousands of pages of long overdue documents. Humble served two sets of request for production, requests for admissions, contention interrogatories, and amended its answer and counterclaim. Cigna is obligated to respond to all but one of them on or before August 17, 2015.

---

[1] Current counsel were the original lawyers for Humble and are the third set of lawyers to appear in this case.
[2] *See* Exhibits A - E (Correspondence between Cigna's counsel and Humble's former counsel regarding Humble's deficient document production).
[3] *See* Exhibit F (Correspondence between Cigna's counsel and Humble's former counsel regarding postponing depositions until mid-April).
[4] Humble filed a motion to substitute counsel on April 29, 2015. *See* Dkt#73.

6. After waiting more than a year to provide the relevant discovery, in this past month, Humble produced approximately 10,000 documents consisting of more than **70,000** pages, including thousands of emails for the principal actors. These are documents that Cigna requested at the beginning of this case and were overdue in September 2014.[5] In fact, Cigna served its discovery requests over a year ago, on March 3, 2014, and Humble's response was due on April 2, 2014. From May 27, 2014 through July 1, 2014, Humble produced a mere 7500 pages, less than 10 percent of its current production. For the next year, other than one small production of mostly insignificant documents, Humble produced virtually nothing. In July, within three months of the trial setting, Humble for the first time produced nearly seven thousand emails of the principal actors that establish their wrongful acts.[6] For example, Humble produced for the first time its notice of hearing with the Texas Department of State Health Services, that set an emergency hearing for September 9, 2011 to terminate the hospital's license because an in-patient died in its care and another patient had serious medical issues that went untreated before discharge.[7] Humble also produced an email from its head of billing, Belinda Gray, to its Chief Financial Officer, Omar Kiggundu, informing him of a call with a Cigna patient that "didn't go well" as the patient complained about the $104,348.80 bill to Cigna for her out-patient surgery. The patient stated in the call that she was not required to pay anything upfront. *Id.* Ms. Gray informed the patient that, if Humble was unable to obtain payment from Cigna, Humble would send the bill to her and "request[] her assistance with getting the claim paid." *Id.* The email further states that the patient "was very unhappy." *Id.* Other significant documents include

---

[5] *See* Exhibit A.
[6] *See* Exhibit G (Chart of Humble's production of documents).
[7] *See* Exhibit H.

3

Humble's audited financial statements and documents evidencing the payment of kickbacks to the referring physicians.

7. Despite its tardy production of over 70,000 pages of documents in the last month and promise of more to come, at the same time, Humble has been pressuring Cigna to produce witnesses for deposition before Cigna had a chance to begin to digest Humble's voluminous production. Cigna repeatedly told Humble that it needed time to get through the document production before it could produce witnesses for deposition.

8. In the last week, Humble served a Rule 30(b)(6) notice of deposition for a corporate representative to occur on or before August 30th that contained **61 deposition topics**.[8] Moreover, Humble's counsel revealed it had not yet finished producing documents, and more were coming, with no indication of content or volume. While Cigna is producing its witnesses for deposition, Cigna requires a reasonable amount of time to digest the documents and information Humble continues to produce. In addition, it will take several witnesses to cover the 61 topics Humble designated and will likely take months to conclude all of the depositions of the parties' witnesses, given competing schedules and the out-of-state locations of Cigna's witnesses. Cigna anticipates amending its witness designations to include additional witnesses to support its case as a result of information contained in Humble's delayed production. As is evident, Humble's document blitz at the tail end of the discovery period is hampering Cigna's ability to complete discovery.

9. In addition to Humble's delayed document blitz, Humble has failed to comply with the required expert discovery. While at the July hearing, Humble's counsel opined that this

---

[8] *See* Exhibit J (Humble's notice of deposition of the corporate representative).

case would be a battle of the experts,[9] Humble failed to provide any rebuttal reports for its retained rebuttal experts as required under the Court's Docket Control Order and the federal rules. Cigna's counsel brought this to counsel's attention during the meet and confer on June 12, but Humble has yet to produce any rebuttal reports or explain its failure to do so. In Humble's recent production, it produced copies of its in-network contracts with Blue Cross and United Healthcare as well as financial statements. As a result, Cigna is amending its expert witness reports. Cigna anticipates that the reports will be complete and ready for production in September.

10. In addition, Humble's just-filed counterclaim alleges for the first time that Cigna owes it $43 million dollars in penalties for allegedly failing to provide it with requested information. Accordingly, additional discovery will be necessary for Cigna to defend this claim.

11. In sum, Humble's delayed production and latest allegations has changed the landscape of the facts in this case, has impacted Cigna's experts' analysis, and has hampered Cigna's ability to complete discovery and prepare for trial.

12. Thus, in light of Humble's more than one-year delay in producing 70,000 pages of significant and responsive documents, Cigna requests that the schedule be amended, as follows:

| | |
|---|---|
| Discovery to be completed by: | November 30, 2015 |
| Dispositive motions due by: | December 18, 2015 |
| Docket call to be held at 11:30 AM on: | February 1, 2016 |

---

[9] Cigna does not agree that this case will be a battle of the experts. Cigna will present its case through the testimony of fact witnesses, in addition to its experts.

13. Cigna remains the Plaintiff in this case and wants a prompt trial. That said, the request for a short continuance is needed to complete discovery and prepare for trial. This request is not made for the purpose of delay, but so that justice may be done.

WHEREFORE, Cigna prays that the Court grant this Motion for Continuance, that the Court order new deadlines for discovery and trial, and that Cigna be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ANDREWS KURTH LLP**

By: _s/John B. Shely_
    **John B. Shely**
    State Bar No. 18215300
    Southern District No. 7544
    **Dena Palermo**
    State Bar No. 08928830
    Southern District No. 6082
    **Brian Pidcock**
    State Bar No. 24074895
    Southern District No. 1654553
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4105 (JBS)
    (713) 220-3846 (DP)
    jshely@andrewskurth.com
    dpalermo@andrewskurth.com
    brianpidcock@andrewskurth.com

**ATTORNEYS FOR PLAINTIFFS CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY**

**CERTIFICATE OF CONFERENCE**

Counsel for Cigna conferred in a telephone conversation with counsel for Defendant, on August 11, 2015, to discuss the proposed three month extension of the trial setting. Humble is opposed to the requested relief.

*s/ Dena Palermo*
Dena Palermo

**CERTIFICATE OF SERVICE**

On August 11, 2015, the foregoing Agreed Motion to Amend Docket Control Order was filed with the clerk of the court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Dena Palermo*
Dena Palermo