IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY | § § § § § | |
| Plaintiff, | § § | JURY DEMANDED |
| VS. | § § § | CIVIL ACTION NO.: 4:13-CV-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC | § § § | |
| Defendant. | § | |

Humble Surgical Hospital, LLC's
Response In Opposition To Cigna's Motion For Continuance

Cigna filed this case as the plaintiff as part of its negotiating posture while refusing to pay Humble over $28 million for actual surgeries performed on Cigna's insureds. Trial in this case has been continued once before—from April 2015 to November 2015—by agreement of the parties. Another continuance would reward Cigna's failure to diligently prosecute its case, punish Humble for fulfilling its discovery obligations, and prejudice Humble's attempts to obtain relief for Cigna's unjustified refusal to reimburse millions of dollars of medically necessary procedures. Cigna's motion should be denied.

No Additional Continuance Is Necessary

On February 12, 2015, this Court granted the parties' *Agreed* Motion to Amend Docket Control Order, Doc. 59, amending the discovery deadline and trial date in this case and adopting the following *agreed* deadlines:

    Discovery to be completed by:    September 30, 2015
    Dispositive motions due by:    September 30, 2015
    Docket call to be held at 11:30 AM on:    November 2, 2015

1

Doc. 60.  The parties filed their February 2015 agreed motion on the heels of several weeks' worth of discovery discussions—the same back and forth Cigna cites in its motion.  Thus, when Cigna agreed to the deadlines set by this Court in February 2015, it had full awareness and apprehension of the purported "deficiencies" in Humble's production.  These deadlines reflect Cigna's calculation of how long it needed to prepare for trial given the outstanding discovery issues identified before February 2015 – about six to seven months.

None of these extended deadlines have passed.  Cigna admits that Humble has met these deadlines, producing documents (requested by Cigna) and seeking other written discovery with several weeks left in the discovery period.  Cigna gives no indication that the discovery and dispositive motions deadlines can't be met.  Cigna does not even identify what specific discovery must be completed or what new discovery needs to be undertaken before the extended deadlines pass.  To the extent that Cigna complains that Humble has failed to produce any requested information, it is telling that Cigna has not filed a motion to compel during these past seven months.  Indeed, the only motion to compel in the case has been filed by Humble.

Instead of requesting additional discovery, Cigna complains Humble produced more than sufficient documents for Cigna to complete amended expert reports "ready for production in September."  Cigna complains Humble produced additional documents in response to Cigna's Fourth Request for Production (which contained 15 detailed requests) served on May 15, 2015.  Cigna complains Humble's Rule 30(b)(6) deposition notice is far too specific and particular, even though such notices "must describe with reasonable particularity the matters for examination."  Cigna omits that it is putting up witnesses on those very 30(b)(6) topics this week.  Cigna further omits that the parties and this Court extended the discovery deadline by six

2

months to address the very same discovery issues it raises in its motion – all of which have been resolved.

Humble's repeated and significant compliance with discovery deadlines cannot possibly establish the good cause necessary for a continuance in this matter. Cigna's motion for continuance should be denied.

<u>Cigna Failed to Exercise Diligence</u>

Under Federal Rule of Civil Procedure 16(b)(4), "[a] [scheduling order] may be modified only for good cause and with the judge's consent." To show good cause, the party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (internal quotation marks and citation omitted).

In ¶ 4 of its motion, Cigna says the parties agreed to "postpone fact-witness depositions until Humble completed its document production," and says "in June, Humble filed a motion to compel against Cigna." Tellingly, the referenced agreement says nothing about Humble's document production and contemplates depositions in April 2015.[1] Despite this April 2015 target date, Cigna never filed a motion to compel document production and, despite repeated requests, never provided deposition dates for its own employees until August 2015.[2] Humble, however, produced 77% of its entire production by July 7, and offered deposition dates within 10-days of Cigna's request.[3] To date, Cigna still has not served a single corporate representative or fact witness deposition notice on Humble.[4] Cigna's own failure to request (or offer dates for)

---

[1] Doc. 122, Exhibit F.
[2] Lahad Declaration, X-1
[3] X-2; X-3
[4] X-4. Cigna has only sought deposition dates for one Humble witness, recently on August 7 asking for dates for which the witness was not available. Humble has offered an alternative date to Cigna for that witness and waited a week to indicate it could not take the deposition on the alternative date. Lahad Declaration at ¶ 5.

3

depositions earlier cannot be diligence. *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 605-06 (5th Cir. 2001) (no diligence where party waited several months to depose witnesses).

In ¶ 5 of its motion, Cigna says "Humble served two sets of requests for production, requests for admissions, contention interrogatories, and amended its answer and counterclaim." All true. Cigna fails to mention, however, that Cigna requested and Humble provided an 8-day extension for Cigna to respond to each of these discovery requests.[5] Cigna does not contend this extended time is insufficient to respond or that these discovery requests – served months before the discovery deadline – are somehow untimely.

In ¶ 6, Cigna says it "served its discovery requests over a year ago, on March 3, 2014," and cites several self-serving discovery letters dated September 2014 through January 2015.[6] Again, Cigna filed no motion to compel and sought no assistance from this Court to address any of these alleged discovery deficiencies. Instead, Cigna expressly contemplated the time it would take to address the purported deficiencies and negotiated an agreed six-month extension of the discovery deadline from March 2, 2015 to September 30, 2015.[7]

Once this Court extended the discovery deadline by six months, Cigna remained conspicuously quiet. Indeed, each of the discovery letters that Cigna cites in its motion came *before* Cigna negotiated and obtained a six-month extension to address those discovery issues. Not a single letter is dated after this Court's Fourth Amended Docket Control Order extended the discovery deadlines. What's more, when present counsel for Humble appeared in late April, Cigna did not press discovery or document production or otherwise follow up with counsel on the discovery-related correspondence it had with prior counsel. Current counsel certainly cannot

---

[5] X-5
[6] Doc. 122, Exhibits A-E.
[7] Doc. 59.

disclaim or disavow all of prior counsel's actions and start with a clean slate, but at the same time, Cigna could not sit back and say nothing. But that is what Cigna did.

It was not until counsel for Humble sent an email requesting a meet and confer that Cigna woke from its slumber. And even then, Cigna delayed the meet and confer and waited until the afternoon before the meet and confer to send an email requesting the status of Humble's response to over two dozen Cigna document requests.[8] Within two weeks, Humble responded and began producing responsive documents.[9] Humble has cooperated with Cigna and timely produced documents well in advance of the extended discovery deadline that Cigna itself negotiated. Humble should not be punished for Cigna's indolence.

In ¶ 8 of its motion, Cigna says it "will likely take months to conclude all of the depositions of the parties' witnesses, given competing schedules and the out-of-state locations of Cigna's witnesses." Of note, Cigna filed this action in the Southern District of Texas and should produce witnesses in Houston. However, to reduce the purported burden on Cigna, Humble agreed to depose the first two Cigna witnesses in Connecticut. Any fault for depositions occurring late in the discovery period lies with Cigna. As early as February 19, 2015, Humble sent Cigna a draft corporate representative deposition notice and requested available deposition dates in April.[10] Cigna made the strategic decision to ignore that request and on June 16 Humble renewed its request for deposition dates.[11] On July 7, this Court noted that deposition testimony would be helpful in clarifying some of the legal issues:

> I would like to see some of this clarified in you-all's mind particularly so you can
> help me understand it as well, through deposition testimony, so that we know

---

[8] X-6
[9] *See* X-2 and X-6
[10] Doc. 122, Exhibit F
[11] X-7

what the evidence in total is going to be, and it's not simple documents that are flying back and forth between the parties.[12]

Accordingly, Humble renewed its request for deposition dates on the same day.[13] Despite repeated requests, Cigna provided no deposition dates until a month later on August 7, proposing dates for 2 of the 4 fact witnesses that Humble requested, Belinda Hazelton and Mary Ellen Cisar.[14] Cigna has not identified dates for the remaining Cigna fact witnesses, and did not identify corporate witnesses for the requested Rule 30(b)(6) topics until August 21, 2015.[15]

Cigna has not served a Rule 30(b)(6) deposition notice of its own, but that has not stopped Cigna from – wait for it – demanding deposition dates for Humble's corporate representative.[16] Humble is more than willing to provide dates as soon as it knows the topics for which Cigna seeks a witness. *See Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (finding district court was "well within the bounds of its discretion" in denying continuance motion when the parties had "six months to finish discovery, even under their own agreed-upon plan" and the "continuance motion made no attempt to explain why [the party] waited five months to schedule depositions.").

<u>Cigna Cannot Establish Prejudice</u>

There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface*

---

[12] X-8 at 27.
[13] X-9
[14] *See* X-1
[15] X-10

*Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (internal quotation marks and citation omitted).

In ¶ 6 of its motion, Cigna says "within three months of the trial setting, Humble for the first time produced nearly seven thousand emails of the principal actors that establish their wrongful acts." This statement cannot establish prejudice. First, Cigna's illicit characterizations of the documents are not supported by affidavits or the actual documents Humble produced. Second, the large page count speaks to the unreasonableness of Cigna's broad production request, which placed an undue burden on Humble to collect and produce largely irrelevant email communications. Third, Cigna admits that Humble produced the documents before the discovery deadline and three months before trial. Fourth, Cigna does not claim that three months is insufficient to review and digest the documents Humble produced. Quite the contrary, Cigna's detailed description and illicit characterization of individual documents indicates that Cigna has had sufficient time to review, digest, and select documents ostensibly beneficial to its case.

In ¶ 7 of its motion, Cigna says "Humble has been pressuring Cigna to produce witnesses for deposition before Cigna had a chance to begin to digest Humble's voluminous production." This statement only shows Humble's diligence in prosecuting this case and cannot establish prejudice against Cigna. Cigna does not explain why it must review Humble's internal emails before producing a single witness describing how Cigna does business. Cigna does not claim that the remaining time before the discovery deadline is insufficient to conduct depositions. Cigna does not even assert that it has insufficient time or resources to prepare for the Cisar and Hazelton depositions scheduled for August 27-28, or the Belinda Gray deposition that Humble offered for September.[17]

---

[17] *See* X-3

In ¶ 9 of its motion, Cigna says it is "amending its expert witness reports" and "anticipates that the reports will be complete and ready for production in September." Cigna claims it is amending reports because Humble produced in-network contracts with Blue Cross and United Healthcare but does not explain how such agreements are relevant to Cigna's affirmative claims, and does not explain how such information shows the reasonable and customary amounts that *Cigna* reimburses for out-of-network and in-network claims. More importantly, Cigna admits it has sufficient time to complete and produce amended expert reports before the close of discovery. Whether or not Cigna's amended reports contain relevant or admissible testimony, Cigna's ability to amend the reports before the discovery deadline indicates no prejudice to Cigna. For its part, Humble plans to address the amended reports when they are served and does not believe any additional time is necessary or warranted.

In ¶ 10 of its motion, Cigna says "additional discovery will be necessary for Cigna to defend" Humble's counterclaim for statutory penalties. This is a red herring. Cigna fails to mention that Humble's Original Counterclaim filed over 20 months ago in December 2013 expressly demands "a civil penalty of $100 per day for failure to timely comply with the request under 29 U.S.C. § 1132(c)"[18] and Humble's amended counterclaim merely provides an example that "a $100/day penalty on 400 claims outstanding for 3 years (or 1095 days) amounts to $43,800,000 in penalties."[19] Cigna's argument is equivalent to demanding additional discovery to calculate prejudgment interest or the like.

In ¶ 11 of its motion, Cigna merely repeats hollow and conclusory statements without the support of affidavits and without any true showing or indication that Cigna will be prejudiced by a November trial date. Cigna fails to describe any specific hardship it will experience due to a

---

[18] Doc. 10, at 14-15. *See also* Doc. 30, at 14-15.
[19] Doc. 113, at ¶¶ 69, 73.

8

November trial date. Cigna fails to identify any specific discovery it has not or cannot obtain before the November trial date. Cigna also fails to identify how a November trial date might hurt its multi-billion dollar insurance business or indicate that its counsel lack the resources to get ready for trial in three months.

To be clear, Cigna has had more than sufficient time to conduct discovery, prepare for trial, and burden this Court with motion after motion. In the past four months, Cigna has filed no less than 7 motions in this Court, including a motion to vacate, motion to amend, motion for judgment, motion to quash, motion for relief, motion for continuance, and just yesterday another motion to dismiss.[20] Cigna cannot feign prejudice when none of its countless motions seek additional discovery, and none of the motions suggest its counsel have insufficient time or resources to efficiently prepare for trial. Cigna simply cannot establish prejudice on this record, and its motion should be denied.

<u>Humble Will Be Prejudiced</u>

In this action, Humble alleges that "Cigna intentionally or recklessly underpaid HSH for claims and services provided at or by HSH to Cigna's insureds."[21] Humble further alleges that "Cigna significantly underpaid, or in some instances paid nothing at all, for procedures performed at HSH, contradicting the healthcare plans of its subscriber patients," and "significantly underpaid claims for procedures performed at HSH solely for financial benefit to Cigna." While Cigna has collected increased and additional premiums from Cigna insureds for out-of-network benefits, Cigna has paid "nothing at all" for hundreds of out-of-network procedures performed on Cigna insureds at Humble. Since Cigna holds all of the money in increased premiums it collected from Cigna insureds, and holds all the money it underpaid or

---

[20] Doc. 65, 66, 67, 71, 109, 122, 127
[21] Doc. 112, at ¶ 12.

9

refused to pay for procedures performed at Humble, Cigna will suffer no hardship for extending and delaying trial for as long as it can.

By contrast, Humble has received *no payment* for hundreds of procedures it performed on Cigna insureds – procedures for which Cigna has not challenged the medical necessity. Cigna's non-payment and underpayment to Humble has forced Humble into a financial bind for which it has already performed the work, but is unable to collect millions of dollars in unpaid claims until this matter gets resolved at trial. With approximately $28 million in unpaid or underpaid claims for procedures performed on Cigna patients, Cigna is attempting to delay trial as long as possible to force Humble out of business, while Cigna financially benefits from the money it kept and continues to receive from Cigna insureds treated at Humble. Indeed, Cigna has only paid $110,010 out of the $28 million-plus that Humble has invoiced Cigna, which is not enough to cover the cost of labor for the services rendered, let alone the costs of medication, supplies and implants that Humble has borne in full.[22] If Cigna is able to extend trial into yet another fiscal year, Humble will be severely prejudiced and face extreme financial hardship.

Cigna, on the other hand, recorded over $1.6 billion in net income, and collected over $26 billion in fees and other revenues in 2012.[23] In 2014, Cigna continued to record over $2 billion in net income and collected over $31 billion in fees and other revenues from Cigna members.[24] This action is a tiny minuscule drop in the multi-billion dollar bucket for Cigna – which has the financial resources to prolong trial for as long as this Court will allow. Humble does not have that luxury. To survive, Humble must collect insurance payments for procedures it properly performed.[25] Without the November 2015 trial date that Cigna *agreed* to set, any

---

[22] Kiggundu Affidavit at ¶¶ 3-5.
[23] X-11, Cigna 2012 Form 10-K, at 31.
[24] X-12, Cigna 2014 Form 10-K, at 31.
[25] Kiggundu Affidavit at ¶ 6.

10

additional delay in getting this matter resolved would severely prejudice Humble and could threaten its very existence. Cigna's motion for continuance should be denied.

## Conclusion

The Court should deny Cigna's motion for continuance.

Respectfully submitted,

By:   <u>*/s/ Chanler A. Langham*</u>
Brian D. Melton
Southern District of Texas No. 26016
State Bar No. 24010620
bmelton@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*ATTORNEY-IN-CHARGE FOR DEFENDANT
HUMBLE SURGICAL HOSPITAL LLC*

**OF COUNSEL:**
Jonathan J. Ross
Southern District of Texas No. 18293
State Bar No. 00791575
jross@susmangodfrey.com
Chanler A. Langham
Southern District of Texas No. 659756
State Bar No. 24053314
clangham@susmangodfrey.com
John P. Lahad
Southern District of Texas No. 1114929
State Bar No. 24068095
jlahad@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*ATTORNEYS FOR DEFENDANT
HUMBLE SURGICAL HOSPITAL LLC*

3814499v1/014796

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                        */s/ Chanler A. Langham*
                                        Chanler A. Langham


**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on the undersigned counsel via email, on the 27th day of August, 2015, as follows:

John B. Shely
Dena Palermo
Brian Pidcock
**ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4152
(713) 238-7206 fax

*Attorneys for Plaintiffs*