IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY, § § § § § | |
| Plaintiffs, § § | |
| vs. § | CIVIL ACTION NO. 4:13-CV-3291 |
| § § | |
| HUMBLE SURGICAL HOSPITAL, LLC, § § § | |
| Defendant. § | |

## CIGNA'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR CONTINUANCE

Cigna files this Reply Brief in Support of its Motion for Continuance (Dkt#122) and respectfully shows the Court as follows:

1.  Humble's response wholly avoids the central issue and improperly attempts to turn the table on Cigna by arguing that Cigna was not diligent in prosecuting its case. Humble provides no excuse or explanation for why it waited until July 2015 (after months of delay) to dump 10,000 documents (totaling roughly 70,000 pages) that are responsive to Cigna's discovery requests served over one year ago.[1] Humble's July 2015 document dump constitutes 79.20% of Humble's <u>total</u> production volume to date.[2] The prejudicial impact to Cigna from such discovery abuse is clear.[3]

---

[1] Dkt#122 (Cigna's Motion for Continuance) (describing history of discovery requests and Humble's failure to produce).

[2] *See* **Ex 1**, Statistical Chart of Humble's Productions; **Ex.2**, Graphical Chart of Humble's Productions.

[3] Any argument that an affidavit should have been filed to "prove" Cigna's prejudice is neither required by the Federal Rules nor necessary given the clearly prejudicial impact of Humble's discovery abuse. Moreover, as officers of the court, the undersigned counsel are representing the state of discovery as true and accurate.

2. Humble's arguments regarding prior extensions in this case are irrelevant and fail to address Humble's pattern and practice of discovery abuse that is now before the Court and is the underlying basis for Cigna's request for a short continuance. Cigna could not possibly have expected Humble to wait until July 2015 for its long overdue documents, nor could Cigna have anticipated that Humble's production would have been a document bonanza of such immense capacity. Put simply, Cigna is unable to proceed with remaining discovery (including dispositions of Humble fact witnesses, corporate representatives, and expert witnesses – roughly 5 individuals) until it has had an adequate opportunity to fully digest Humble's production. A short continuance is not only reasonable, but imperative.

3. Humble argues that Cigna was not diligent because it never filed a motion to compel. But it is Humble (not Cigna) that bears the duty to comply with the discovery rules and produce its documents from the outset, not engage in tactical games of "hid the ball" or "keep-away."

4. Humble's behavior is nothing new. In fact, Judge Lynn N. Hughes recently sectioned Humble for similar conduct in another case, stating:

> For more than a year, Humble Surgical Hospital, LLC, has abused this court's protective order. It has designated en masse the papers it was ordered to produce as confidential and attorney's eyes only without regard to the content of the production. Eighteen months ago, this court admonished Humble that it could not abuse the protective order in this way. It was told to accurately designate its production. It has not.
>
> Humble's original excuse – that it had to designate everything as confidential to meet a deadline – rings hollow eighteen months later. The assurances of cooperation from Humble's sixth set of lawyers, while appreciated, are too little too late. Its invitation that Aetna Life Insurance Company tell it what needs to be re-designated is an invitation to bear the cost of Humble's indolence. Aetna may be excused for declining it.

Humble Surgical Hospital, LLC, may not claim anything that it has produced as confidential or for attorneys' eyes only.[4]

5. Humble's claims of prejudice from a short extension ring hollow. Humble claims that it is due $28 million from Cigna in unpaid claims, and that if a continuance is granted, Humble will face "extreme financial hardship," which "could threaten its very existence." But public documents reflect that Humble is collecting hundreds of millions of dollars from commercial payors, like Cigna.[5] "Outside of Blue Cross Blue Shield, Humble's other largest commercial payors are United Healthcare, Aetna, Humana, and Cigna (in that order)."[6]

6. Moreover, and more importantly, the amount Humble claims to be entitled to in this case is the amount that Humble "invoiced" for claims it submitted to Cigna. Humble knows full-well that it is only entitled to reimbursement amounts as directed by the healthcare benefit plans that are at issue, none of which reimburse Humble at full-billed charges. In fact, Humble's board meeting minutes produced in this case, and Humble's admissions in other litigation, reflect that Humble only expects to collect approximately 32% of its billed charges.[7]

7. Finally, holding the trial any sooner that the requested continuance date does not guarantee that Humble will prevail and/or be entitled to collect any additional monies from Cigna. In fact, Cigna fully expects to prevail on its claims for relief, in which case Humble will

---

[4] **Ex. 3**, Order on Protection, *Aetna Life Insurance Co. v. Humble Surgical Hospital, LLC*, No. 12-1206 (S.D. Tex.), ECF Nos. 255; *see also* **Ex. 4**, Aetna's Response to Motion to Stay, *Aetna Life Insurance Co. v. Humble Surgical Hospital, LLC*, No. 12-1206 (S.D. Tex.), ECF Nos. 259 (describing history of two-and-a-half years of Humble's recalcitrant behavior).

[5] *See, e.g.*, **Ex. 5** AHA Annual Surveys for Humble Surgical Hospital at p. 18 (reflecting $133,851,173 in gross patient revenue for 2013).

[6] *See, e.g.*, A Humble Story, August 1, 2012 (HSH-CIGNA0031078) at 83.

[7] *See* Humble's Board Meeting Minutes, January 10, 2012 (HSH-CIGNA0002230); *see also* Aetna's Motion for Judgment on Overpayments at p. 4 & n.8, *Aetna Life Insurance Co. v. Humble Surgical Hospital, LLC*, No. 12-1206 (S.D. Tex.), ECF Nos. 112 (referencing "32%" collection expectation); Aetna's Supplemental Motion for Judgment on Overpayments at p. 1, *Aetna Life Insurance Co. v. Humble Surgical Hospital, LLC*, No. 12-1206 (S.D. Tex.), ECF Nos. 129 (referencing "32%" collection expectation).

be required to pay Cigna, not the other way around. Thus, any argument that a short extension will cause prejudice to Humble is disingenuous at best.

8. Cigna requests a short and reasonable continuance for good cause, and not for the purpose of unreasonable delay, and such continuance will cure the prejudice to Cigna resulting from Humbler's belated discovery abuse. Accordingly, Cigna prays that the Court grant Cigna's Motion for Continuance (Dkt#122), that the Court order new deadlines for discovery and trial as set forth in the proposed order, and that Cigna be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ANDREWS KURTH LLP**

By: *s/John B. Shely*
    **John B. Shely**
    State Bar No. 18215300
    Southern District No. 7544
    **Dena Palermo**
    State Bar No. 08928830
    Southern District No. 6082
    **Brian Pidcock**
    State Bar No. 24074895
    Southern District No. 1654553
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4105 (JBS)
    (713) 220-3846 (DP)
    jshely@andrewskurth.com
    dpalermo@andrewskurth.com
    brianpidcock@andrewskurth.com

**ATTORNEYS FOR PLAINTIFFS CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

On August 28, 2015, the foregoing Agreed Motion to Amend Docket Control Order was filed with the clerk of the court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Dena Palermo*
Dena Palermo

5

HOU:3588574.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:13-CV-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC, | § § § | |
| Defendant. | § | |

## **DOCKET CONTROL ORDER**

It is ORDERED that Cigna's Motion For Continuance is Granted.

It is further ORDERED that the following dates will govern the disposition of this case:

| | |
|---|---|
| Discovery to be completed by: | November 30, 2015 |
| Dispositive motions due by: | December 18, 2015 |
| Docket call to be held at 11:30 AM on: | February 1, 2016 |

Signed on this ___ day of August, 2015.

_____
Kenneth M. Hoyt
United States District Judge

6