IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY | § § § § § | |
| Plaintiff, | § § | JURY DEMANDED |
| VS. | § § | CIVIL ACTION NO.: 4:13-CV-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC | § § § | |
| Defendant. | § | |

**HUMBLE SURGICAL HOSPITAL, LLC'S
SECOND MOTION TO COMPEL**

Docket call in this case was originally scheduled for November 2, 2015. Doc. 60. On August 11, 2015, Cigna moved this Court for a continuance, arguing that postponement of the discovery deadline and trial dates were "needed to complete discovery and prepare for trial." Doc. 122 at 5. Cigna claimed that its request was "not for the purpose of delay, but so that justice may be done." *Id*. at 6. This Court granted-in-part Cigna's motion and moved the discovery deadline to October 30, 2015 and docket call to January 4, 2016. Doc. 132.

Cigna has wasted the additional discovery time provided by this Court. Contrary to its representations, Cigna has intentionally delayed and frustrated Humble's attempts at discovery. In particular, Cigna has refused to respond to correspondence regarding discovery, has refused to provide deposition dates, and is now refusing to produce witnesses for deposition—witnesses who in some cases were first disclosed on August 30, 2015 (after Cigna moved for

postponement) and in other cases were disclosed for the first time on October 16, just two weeks before the discovery deadline.

Humble only seeks to depose witnesses that Cigna will bring to trial. If Cigna commits to not bringing these witnesses, no depositions of them are required. Absent such a commitment, Cigna's blanket refusal to produce witnesses after the discovery deadline is unreasonable and inconsistent with the Federal Rules. Humble moves to compel the depositions of:

(1) Cigna's two designated experts,

(2) Two Cigna employees identified as persons with knowledge in Cigna's Amended Disclosures, and

(3) Third-party witnesses identified in Cigna's Amended Disclosures.

Humble is entitled under the Rules to depose these witnesses and this Court should compel their production.

## Background

1. On March 17, 2014, Cigna served its Initial Rule 26(A)(1) Disclosures. Exhibit 1. Cigna identified four employees as individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses:" Belinda Hazelton, Linda Halik, Mary Ellen Cisar, and Albert Ramirez. *Id*. at 1-2. Cigna also purported to identify "designated corporate representative(s) of Cigna" with knowledge regarding "Cigna's business records concerning the claims file materials, documents, and other electronic documentation for the health care claims at issue" and "the adjudication of Humble Surgical Hospital's claims for medical services at issue in this lawsuit and any other topics on which the Court allows discovery." *Id*. at 2-3.

2. On August 31, 2015—while its motion for a continuance was pending—Cigna served its First Amended Rule 26(A)(1) Disclosures. Exhibit 2. In these disclosures, Cigna identified three more Cigna employees with knowledge of relevant facts: David Kasper, Greta Matus, and Daniel Nicoll. *Id*. at 3. Cigna also identified one Humble patient and her spouse as persons with knowledge. *Id*. at 5.

3. On September 2, 2015, this Court granted-in-part Cigna's Motion for Continuance and extended the discovery deadline to October 30, 2015. Doc. 132. The same day, Humble noticed the outstanding depositions of Messrs. Ramirez, Battistoni, and Kasper, Dr. Nicoll, and Ms. Matus for the following dates.

| Witness | Date | Time |
| --- | --- | --- |
| Alberto Ramirez | September 18, 2015 | 9:00 a.m. |
| Linda Halik | September 22, 2015 | 9:00 a.m. |
| Michael Battistoni | September 24, 2015 | 9:00 a.m. |
| David Kasper | September 28, 2015 | 9:00 a.m. |
| Greta Matus | September 30, 2015 | 9:00 a.m. |
| Daniel Nicoll | September 30, 2015 | 1:00 p.m. |

Exhibit 3 (Notice of Deposition).[1]

4. On September 11, 2015, Humble agreed to suspend Mr. Ramirez's deposition based on a representation from Cigna's counsel that it would be providing dates for Mr. Ramirez. Exhibit 4 (September 11, 2015 email chain). On the broader issue of deposition scheduling, Humble's counsel stated:

> [W]e are going to work to get proposed dates and schedule these depositions. I understand your position to be that you would like to depose two HSH witnesses before the next Cigna witnesses are deposed. This should not hold up scheduling, and while we are amenable to rescheduling noticed dates, we still need to get these depositions calendared. Suspending the Ramirez deposition should give the parties enough time to get dates for their respective witnesses.

---

[1] Humble also subpoenaed the patient and her spouse, both of whom voluntarily appeared for deposition and produced documents.

*Id.*

5. In response, counsel for Cigna stated that she would "have to confirm the location of the other witnesses" and that "Mike Battistoni will be supplementing his expert report, so we will not offer him his deposition until that report has been produced." *Id.*

6. Counsel for Humble met and conferred with counsel for Cigna again on September 18, 2015. During that meet and confer, counsel for Cigna provided a date for Halik's deposition and proposed dates for the Kasper and Ramirez depositions. Exhibit 5 (September 18, 2015 Lahad email). Counsel for Cigna also represented that he was working on getting dates for Nicoll and Matus, who live in New Jersey and Denver, respectively. *Id.*

7. On September 18, 2015, Humble also proposed that in light of Cigna's intent to supplement its expert's opinions, the parties should agree to exchange supplemental reports by October 7, 2015 and then take expert depositions. Exhibit 6 (September 18 Lahad letter).

8. Cigna did not respond to Humble's expert discovery proposal until September 29, 2015, when during a break at the deposition of a Humble witness, counsel for Cigna stated that it would be willing to postpone the exchange of supplemental expert reports as soon as Cigna's expert was ready to produce his report and conduct expert depositions shortly afterward, with a target range of the first two weeks in November. Exhibit 7 (J. Ross Decl.) at ¶3.

9. On September 28, 2015, counsel for Humble again inquired about the deposition dates for Ramirez, Kasper, Matus, and Nicoll, and counsel for Cigna responded that she was "working on alternate dates and hopefully will have something to you shortly." Exhibit 8 (September 28, 2015 email). Cigna made Mr. Ramirez available for deposition on October 13, 2015, but did not make good on its representation that it was working on dates for Kasper, Matus, and Nicoll.

10. On October 16, 2015, Cigna again amended its disclosures, this time dropping Dr. Nicoll from its list, but adding third-parties Kevin Daniels, Ann Lawnin, Larry McIntyre, Kim Isaacs, and Diane Miller. Exhibit 9.

11. Counsel for the parties met and conferred on October 28, 2015. Cigna had still not provided deposition dates. During this meet and confer, Cigna—*for the first time*—took the position that depositions could not and would not be taken after the October 30, 2015 discovery cut-off. According to Cigna's counsel, Cigna "is not producing additional fact witnesses for discovery after the cut-off." Exhibit 10 (October 28, 2015 email). As to experts, counsel for Cigna qualified its refusal to make its experts available for deposition, saying "I do want to see the supplemental report of Humble's expert before making a decision on whether to agree to depositions of the experts." *Id*. This response epitomizes Cigna's approach to discovery in this case: delay discovery, frustrate discovery, and then deny discovery.

12. Humble now moves this Court to remedy Cigna's bad faith and compel Cigna to produce for deposition its two experts and the witnesses identified in its most recent Amended Disclosures.[2]

## **Legal Standard**

13. Under Rule 30, "a party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Rule 30 is read in light of Rule 26, which states that parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. … Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

---

[2] If Cigna does not control any of the third parties, then this Court should overrule any objection to Humble's attempts to depose those third parties.

14. A party requesting discovery may move to compel under Rule 37 so long as such discovery is relevant and otherwise discoverable. *Vann v. Mattress Firm*, 2014 WL 1365943, at *1 (S.D. Tex. Apr. 7, 2014) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). The moving party bears the burden of showing that the materials and information sought "are relevant to any party's claim or defense" or "appear reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *Id*.

15. The requested deposition testimony is indisputably relevant. Two of the witnesses are Cigna's experts, and Cigna has identified the remaining individuals as persons "likely to have discoverable information that the disclosing party may use to support its claims or defenses." Exhibit 9. Because the requested discovery is within the scope of permissible discovery under Rule 26, the burden shifts to Cigna to show why the discovery should not be permitted.

## Argument

16. Cigna's reasons for refusing to produce the witnesses are unavailing. During the October 28, 2015 meet and confer, counsel for Cigna repeatedly said that Cigna and its lawyers were "tired of depositions." Exhibit 11 (J. Lahad Decl.) at ¶2. It is unclear what that means. If it is some kind of burden-related argument, it fails. Cigna has only deposed *three* Humble witnesses. *Id*. at ¶3. Humble similarly has deposed only *four* Cigna witnesses. *Id*. These numbers are much less than the presumptively reasonable limit of *ten depositions **per side*** contemplated by Federal Rule 30(a)(2)(A)(i). Moreover, Cigna never moved to quash deposition notices or otherwise seek protection from the notice. Cigna failed to even object in writing other than to the

location of the depositions of Matus and Nicoll, which Humble then agreed to take in Colorado and New Jersey. Being "tired of depositions" is not grounds for refusing to produce witnesses.

17. Cigna argues that Humble has no right to seek depositions of the witnesses disclosed in its amended disclosures, especially after the discovery cut-off. Cigna is wrong. Under Rule 30, Humble is entitled to depose **any person**. Further, under Rule 16, a scheduling order may be modified "for good cause and with the judge's consent." In *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003), the Fifth Circuit explained that "the good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."

18. Humble's diligence is irrefutable. Cigna first disclosed Kasper and Matus on August 31, 2015. Humble noticed deposition dates for those two witnesses on September 2, 2015. In reliance on Cigna's representation that it would provide dates within the discovery period, Humble suspended the noticed dates. Absent this agreement, Cigna would have had to move for protection. Cigna mentioned a proposed date for Kasper, and then withdrew it without offering a replacement date. Cigna has reneged on its willingness to agree on an expert discovery schedule. In response to Humble's repeated requests, Cigna's counsel represented that it was "working on" getting dates. It is clear now that Cigna never intended to provide deposition dates or agree to an expert discovery schedule. Cigna wanted to "run out the clock" and deny Humble relevant discovery.

19. Not only was Humble diligent in seeking discovery from Cigna, it was diligent in providing it. For example, on October 8, 2015, Cigna—for the first time—asked for the depositions of two Humble witnesses, Omar Kiggundu and Rebecca Ward. Exhibit 12 (October 8, 2015 email). Humble provided dates by October 16, 2015, offering Ward on October 27 and

Kiggundu on October 30, 2015. Exhibit 13 (October 16, 2015 email). Cigna accepted the deposition date for Ward, but wanted to start the Kiggundu deposition at 7:00 a.m., which could not be accommodated. *Id*. On October 23, 2015, Humble proposed November 3, 2015 for the Kiggundu deposition. Exhibit 14 (October 23, 2015 email). Cigna said nothing in response to this proposed date until the meet and confer on October 28, 2015, when it stated that it would not take his deposition because he "was not made available within the discovery period." Exhibit 10.

20. Cigna says that Humble cannot depose the witnesses after the discovery deadline because "Humble opposed any continuance months ago." *Id*. This argument makes no sense. In its August 27, 2015 Opposition to Cigna's motion for a continuance, Humble cited Cigna's failure to offer deposition dates, and argued that "any fault for depositions occurring late in the discovery period lies with Cigna." Doc. 129 at 3, 5-6. Cigna's actions since the continuance further establish its lack of diligence. *Id*. at 1. In fact, in response to receiving Humble's September 2, 2015 deposition notice, counsel for Cigna said, "Now that we have a continuance we should be able to agree to dates for depositions." Exhibit 15 (September 9, 2015 Palermo email). In other words, despite arguing in its motion that a continuance was necessary to complete depositions, Cigna wasn't even trying to schedule depositions until this Court ordered a continuance. If it were operating in good faith, Cigna would have been trying to schedule depositions with or without a continuance.

21. Moreover, Cigna disclosed additional witnesses on August 30, 2015 (while its motion for continuance was pending) and again on October 16, 2015. Humble's interest in this discovery is defensive: it has a right to discover the factual basis on which these recently disclosed witnesses will testify. Unless Cigna agrees that it will not call these witnesses to

testify at trial, Humble intends (and is entitled to under the Rules) to depose these witnesses and this Court should compel their production.

22. Cigna will undoubtedly attempt to hide behind an agreement between the parties that depositions will be taken in alternating pairs, and will likely cite it as justification for its failure to provide deposition dates. The Court should reject Cigna's argument. When Cigna first proposed this approach on July 22, 2015, counsel for Humble feared that it would interfere with deposition scheduling:

> As to your proposal, it seems unnecessary and counterproductive to adhere rigidly to some procedure of alternating pairs of depositions. It will likely shake out that way because of folks' availability and it doesn't make much sense to forego an available deposition date because it isn't someone's "turn." In any event, let me know who you want to depose and I'll get dates.

Exhibit 16 (July 22, 2015 email chain). In response, counsel for Cigna said, "Understand what you are saying on rigidity but we can address that issue if it happens. In the meantime, we prefer an understanding that we will alternate so that we each get some discovery done." *Id*. Counsel for Humble agreed in principle: "I think we can agree that depositions can proceed evenly – **subject to my previous concerns about deposition availability**." Exhibit 17 (July 31, 2015 Lahad email).

23. Humble's concerns proved to be legitimate. Cigna has, at every turn, used this arrangement as an excuse to avoid scheduling depositions. Never mind that Cigna's witnesses outnumber Humble's two to one or that the depositions could be scheduled weeks ahead of time and still accord with the parties' agreement. This "agreement" should not excuse Cigna's failure to engage in good-faith deposition scheduling and it certainly should not permit Cigna to avoid producing disclosed witnesses, especially since now that it *is* Cigna's turn.

**Conclusion**

Scheduling depositions requires finding a date and time that works for the witness as well as the lawyers. That process can take time. That is not what happened here. In this case, Cigna has intentionally refused to engage in deposition scheduling and now wants to deny the discovery that Humble has been diligently seeking for months. This Court should not condone Cigna's purposeful obfuscation and delay and should compel the requested depositions.

Dated: October 29, 2015

                                        Respectfully submitted,

                                By: */s/ John P. Lahad*
                                   Brian D. Melton
                                   Southern District of Texas No. 26016
                                   State Bar No. 24010620
                                   bmelton@susmangodfrey.com
                                   Jonathan J. Ross
                                   Southern District of Texas No. 18293
                                   State Bar No. 00791575
                                   jross@susmangodfrey.com
                                   John P. Lahad
                                   Southern District of Texas No. 1114929
                                   State Bar No. 24068095
                                   jlahad@susmangodfrey.com
                                   SUSMAN GODFREY L.L.P.
                                   1000 Louisiana Street, Suite 5100
                                   Houston, Texas 77002
                                   Telephone:  (713) 651-9366
                                   Facsimile:  (713) 654-6666

                             *ATTORNEYS FOR DEFENDANT*
                             *HUMBLE SURGICAL HOSPITAL LLC*

**CERTIFICATE OF CONFERENCE**

On October 28, 2015, counsel for HSH met and conferred with counsel for Cigna regarding Cigna's refusal to provide the depositions referenced in this motion. Counsel for Cigna

confirmed that it would not produce the requested witnesses and that Cigna is opposed to the relief requested in this motion. *See* Exhibit 10.

> */s/ John P. Lahad*
> John P. Lahad

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the undersigned counsel via email, on the 29th day of October, 2015, as follows:

John B. Shely
Dena Palermo
Brian Pidcock
**ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4152
(713) 238-7206 fax

*Attorneys for Plaintiffs*

> */s/ John P. Lahad*
> John P. Lahad