IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:13-CV-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC, | § § § | |
| Defendant. | § | |

## CIGNA'S RESPONSE IN OPPOSITION TO HUMBLE'S MOTION TO COMPEL

Cigna files this Response in Opposition to Humble's Motion to Compel (Dkt#134). Humble's Motion to Compel fact and expert depositions after the discovery cutoff date is too late. Humble failed to seek a continuance of the current discovery deadline. Given that Humble filed a vigorous opposition (Dkt#129) to Cigna's Motion for Continuance (Dkt##122 & 130) and has failed to show any good cause for a further continuance at this time, Cigna opposes Humble's motion. In support thereof, Cigna respectfully shows the Court as follows:

1. The court ordered discovery cutoff was October 30, 2015. (Dkt#132). That date has passed. The parties never discussed nor did they reach any agreement to extend the discovery cutoff for fact witnesses. The parties discussed but never reached any express agreement to extend the discovery cutoff for expert witnesses. Humble's motion to compel depositions, filed the day before the discovery cutoff, is untimely and presents no good cause to extend discovery any further. Because Humble waited until the eleventh hour to present the Court with its motion, it cannot be granted now that the discovery has closed. *See Grey v. Dallas*

*Indep. School Dist.,* 265 Fed. App'x 342, 348 (5th Cir. 2008) (upholding district court denial of motion to compel filed on the day of the discovery deadline after an extensive discovery period); *Gerawan Farming, Inc. v. Rehrig Pac. Co.,* 2013 WL 492103 *5-7 (E.D. Ca. 2013) (finding court was without means to provide effective relief when motion filed just before discovery cutoff and the discovery dispute should have been anticipated).

2. Humble's motion is particularly striking given that Humble stringently opposed Cigna's motion for continuance filed on August 11th. Because of Humble's opposition to Cigna's motion for continuance, the Court granted only a 30-day continuance of the discovery cutoff from September 30th to October 30th.[1] *See* Dkt#132.

3. Humble's assertion that Cigna "wasted the additional discovery time provided by this Court" is without factual basis. Both before and after the Court granted Cigna's continuance, Cigna worked to produce witnesses for deposition and requested Humble to produce its witnesses as well. In fact, Cigna offered depositions of its key witnesses on August 7th, *before* filing its motion for continuance. *See* Exhibit 1. At the same time, Cigna requested the depositions of Humble's Manager of Collections and Humble's corporate representative(s). *Id.* Cigna served Humble with a Notice of Rule 30(b)(6) deposition on August 28th. As of today's date, Humble has failed to identify all of its corporate representatives or produce them for deposition before the discovery cutoff. *See* Exhibits 2 & 3.

4. In July, Humble sought to obtain depositions of four Cigna witnesses. On August 7th, Cigna offered two witnesses, and the parties agreed to alternate depositions, two at a time

---

[1] Cigna was forced to seek an extension of the discovery cutoff and a delay of the trial because Humble waited more than a year after discovery was served, until July 2015, to dump 10,000 responsive documents (totaling roughly 70,000 pages) on Cigna. Humble's July 2015 document dump constitutes 79% of Humble's total production volume. The prejudicial impact to Cigna from such discovery abuse was clear and the Court granted a short continuance so that Cigna could digest the information before starting long overdue depositions. *See* Dkt#122 (Cigna's Motion for Continuance) (describing history of discovery requests and Humble's failure to produce).

from each side.  *See* Exhibit 1, 3, and 4A at ¶¶ 5 & 6.  Cigna produced its first two witnesses on August 27th and 28th.

5. Instead of taking its turn and producing two of its witnesses as agreed, Humble noticed the deposition of every witness Cigna identified in its disclosure, setting the depositions for *six witnesses* to take place over the nine days immediately preceding the prior September 30th discovery cutoff.  *See* Dkt#134 at Ex. 3.

6. After the Court granted Cigna's requested continuance on September 3rd (Dkt#132), Cigna contacted Humble to work on an agreed deposition schedule.  *See* Exhibit 5.  However, Humble was unwilling to release its notices of deposition for all of Cigna's witnesses until Cigna provided alternative deposition dates, even though the parties' agreement required Humble to produce its witnesses next. *See* Exhibits 4A & 4B.  Ultimately, Cigna provided proposed dates for depositions, and only then did Humble produce its first two witnesses, *one month after* Cigna produced its first two witnesses.  *See* Exhibit 6.  Then, Cigna produced its next two witnesses, and Humble subpoenaed two of Cigna's patient/member witnesses.  Waiting *another month after* it produced its first two witnesses, Humble produced one additional witness before the discovery period ran out.  *See* Exhibit 7. The schedule of depositions taken in this case is as follows:

| Party Producing | Deponent | Date Deposed |
|---|---|---|
| **Cigna produced two witnesses:** | | |
| Cigna | Mary Ellen Cisar | 8/27/15 |
| Cigna | Belinda Hazelton | 8/28/15 |
| **Thirty two days later, Humble produces two witnesses:** | | |
| Humble | Belinda Gray | 9/29/15 |
| Humble | Jakob Kohl | 10/2/15 |

3

| Party Producing | Deponent | Date Deposed |
|---|---|---|
| **Four days later, Humble subpoenas two of Cigna's patient/member witnesses:** | | |
| Humble Issues Third Party Subpoena of Cigna Witness | William Oliver | 10/6/15 |
| Humble Issues Third Party Subpoena of Cigna Witness | Janet Oliver | 10/6/15 |
| **Two days later, Cigna produces two witnesses:** | | |
| Cigna | Linda Halik | 10/8/15 |
| Cigna | Albert Ramirez | 10/13/15 |
| **Two weeks later, Humble produces one witness**: | | |
| Humble | Rebecca Ward | 10/27/15 |

7. By the end of the discovery cutoff, Humble had deposed a total of *six witnesses* (four Cigna witnesses and two third-party witnesses). Cigna had deposed only three Humble witnesses because Humble did not produce the fourth witness before the discovery period ended. *See* Exhibit 8.

8. Humble seeks to take the depositions of all witnesses Cigna disclosed, unless Cigna confirms that it is not calling the witness at trial. *Id.* No such rule exists under the Federal Rules of Civil Procedure. Experienced trial practitioners often cross-examine witnesses at trial without prior depositions. Cigna is not required to confirm who it will call at trial at the close of discovery. Cigna also is not required to produce witnesses after the discovery cutoff.

9. Moreover, Humble's counsel's trial strategy in this case is contrary to its well-publicized statements on its website: "We pride ourselves as trial lawyers, not discovery litigators. . . . From this, we have two guiding principles for complex litigation, which sets us apart from our competitors and adversaries. First, less is often best. Second, early discovery is

effective discovery."[2]  Forgetting both of their rules, Humble's counsel urges this court to order additional *late* discovery, which is neither *less* nor *best.*

10. Humble should not be allowed to take additional fact witness depositions. The parties had no agreement to extend fact witness discovery. **Cigna's main witnesses have been deposed.** Cigna did not depose every fact witnesses Humble designated, but it is not complaining. At some point, discovery must conclude. The cost of any additional depositions outweighs any potential benefit to either party.

11. Humble should not be allowed to subpoena third party witnesses after the discovery cutoff. Humble served Multiplan with a document subpoena eighteen months ago in May 2014, and a deposition subpoena five months ago, in June 2015. *See* Exhibit 9. Humble recently noticed Multiplan's deposition for November 20, three weeks **after** the discovery cutoff with no discussion with Cigna's counsel, let alone agreement. *See* Exhibit 10; Exhibit 11 (email from Palermo to Lahad, dated June 25, 2015, asking to be consulted on any proposed deposition dates for Multiplan). Humble fails to present any reason why it could not complete the deposition of the Multiplan witness before the discovery cutoff. The only clear reason is that Humble did not diligently pursue discovery. *See Gerawan Farming, Inc.,* 2013 WL 492103 at 7. With regard to the patient witnesses Cigna disclosed on October 16, 2015, Humble had those names in its files because these witnesses were Humble's patients. Nonetheless, Humble could have subpoenaed any or all of them no later than two weeks before the cutoff when Cigna amended its disclosures, but Humble failed to do so, without excuse.

12. Humble should not be allowed to depose Cigna's expert witnesses. No experts have been deposed on either side. Absent an agreement, no experts should be deposed at this

---

[2] *See* http://www.susmangodfrey.com/Why-Susman-Godfrey/How-we-handle-cases.

point. The parties had no express agreement to extend the cutoff for experts. On September 29, 2015, Humble's counsel requested a date to exchange supplemental expert reports. Cigna's counsel informed Humble's counsel that she had not yet received her expert's supplemental reports so she could not agree to any proposed dates because she was still collecting the necessary data and therefore did not know when the reports would be ready. She indicated they could discuss deadlines, including deposing the experts in early November, when the reports were ready. During counsel's last discussion on this issue, Cigna's lead counsel stated that Cigna would make a decision on whether to take expert depositions after reviewing Humble's expert reports. *See* Exhibit 12. Both parties produced expert reports on the last two days of the discovery period. Thus, the parties are on equal footing on cross-examination of each other's expert witnesses at trial.[3]

13. Now that discovery has concluded, the parties must utilize the remaining time in the schedule between now and the Court's January 4th docket call, which is less than 60 days away, to prepare this case for trial and to prepare and submit the parties' joint pretrial order and related attachments in accordance with the Court's procedures. Any further discovery will unnecessarily delay the trial in this matter, particularly in light of counsel's already existing calendar conflicts, the intervening holidays, and witness schedules in the remainder of November and December.

---

[3] One glaring difference, however, is that Humble's expert, Charlotte Kohler, presented new calculations in her report produced on October 28, 2015, but failed to provide any connection to Cigna's claims data. This deficiency will prevent Humble from presenting Ms. Kohler's expert testimony at trial because this failure to provide the identifying information necessary to connect Ms. Kohler's calculations to Cigna's records is necessary to establish that the claims on which she testifies are in fact claims of Cigna's members. Whether purposeful or not, absent correction, Humble cannot use this expert testimony.

14. Accordingly, Cigna prays that the Court deny Humble's Motion to Compel (Dkt#134), and that Cigna be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ANDREWS KURTH LLP**

By: *s/John B. Shely*
    **John B. Shely**
    State Bar No. 18215300
    Southern District No. 7544
    **Dena Palermo**
    State Bar No. 08928830
    Southern District No. 6082
    **Brian Pidcock**
    State Bar No. 24074895
    Southern District No. 1654553
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4105 (JBS)
    (713) 220-3846 (DP)
    jshely@andrewskurth.com
    dpalermo@andrewskurth.com
    brianpidcock@andrewskurth.com

**ATTORNEYS FOR PLAINTIFFS CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  On November 11, 2015, the foregoing Agreed Motion to Amend Docket Control Order was filed with the clerk of the court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                 *s/ Dena Palermo*
                 Dena Palermo