IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY | § § § § § | |
| Plaintiff, | § § | JURY DEMANDED |
| VS. | § § | CIVIL ACTION NO.: 4:13-CV-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC | § § § | |
| Defendant. | § | |

# HUMBLE SURGICAL HOSPITAL, LLC'S REPLY IN SUPPORT OF ITS SECOND MOTION TO COMPEL

Humble's Second Motion to Compel (Doc. 134) conclusively demonstrates Cigna's lack of diligence and worse, Cigna's intentional stonewalling and obfuscation. Humble rests on its motion and the correspondence attached to it, but submits this brief reply to correct the factual misrepresentations and half-truths in Cigna's Response (Doc. 139).

1.  Cigna argues that "the parties never discussed nor did they reach any agreement to extend the discovery cutoff" for fact and expert witnesses, and that Humble's motion to compel is untimely. Resp. at 1. First, Humble's motion is *not* untimely. "In determining whether a motion to compel has been timely filed, most courts look to the discovery deadline…" *Suzlon Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 661 (S.D. Tex. 2009) (Rosenthal, J.). Humble moved to compel before discovery closed.

2.  Second, the timing of Humble's motion is a product of Cigna's deception. Cigna knew that Humble wanted to depose its experts and the fact witnesses identified in its

1

disclosures. *See* Exhibits 3, 4, 5, 6, 7, 16, and 17 to Humble's Motion. Cigna repeatedly represented that it was working to get dates for these witnesses and that it would be amenable to deposing experts in November. *See* Exhibits 4, 5, 7 and 8 to Humble's Motion. Cigna does not dispute these facts. As it turns out, however, either (1) Cigna had no intention of producing its witnesses for deposition, and strung Humble along hoping to run out the clock, or (2) Cigna's lead trial counsel inserted himself into the decision making process at the last minute and decided to change Cigna's approach to finishing discovery. Humble learned on October 28, 2015 that Cigna had changed its tune, and moved to compel the next day. *See* Exhibit 10 to Motion.

3. Cigna argues that "Humble has failed to identify all of its corporate representatives or produce them for deposition before the discovery cutoff." Resp. at 2. False. Cigna served its Rule 30(b)(6) Deposition Notice on August 28, 2015, setting forth 24 topics. On September 20, 2015, Humble responded and agreed to produce a witness in response to 15 of Cigna's topics. Exhibit 1 (Humble's Responses and Objections to Cigna's 30(b)(6) Notice). Humble objected to and asked to meet and confer regarding the remaining nine topics. *Id*. Cigna never responded to Humble's request to meet and confer, and in fact, flat out declined to take one of Humble's corporate representatives on the date provided. Exhibit 2 (October 8, 2015 Palermo email).

4. Cigna tries to recast the parties' interactions to hide its laziness, and as expected, falls back on the agreement to take turns conducting depositions. The parties did not agree to take turns *scheduling* depositions. If it wanted to, Cigna could have worked to schedule depositions in line with the parties' agreed approach. It did not.

5. Cigna's table (on pages 3 and 4 of its Response) is missing some key information. Most critically, the table does not indicate the dates when each party *requested* the deposition

2

and the dates on which the responding party *proposed* dates. That is the true measure of cooperation. Humble requested Cigna witnesses Cisar, Hazelton, Halik, and Ramirez in June 2015. Exhibit 3 (June 23, 2015 Lahad email). Cigna did not provide dates for Cisar and Hazelton until two months later in August 2015, and did not provide a date for Halik and Ramirez until nearly *three months* later. Exhibit 4 (August 2015 email chain); *see also* Exhibit 5 to Motion. By contrast, Cigna first requested Humble witness Gray's deposition on August 7, 2015, and Humble provided possible dates on August 17, 2015. Exhibits 4 and 5 (August 2015 email chain). Hearing nothing in response, Humble proposed additional dates on August 27, 2015. Exhibit 5. Similarly, Cigna first asked to depose Humble witness Ward on October 8, 2015, and Humble gave Cigna a date on October 16, 2015.[1] *See* Exhibits 12 and 13 to Motion.

6. Cigna's behavior—which it does not dispute—is inexcusable, and it must resort to invoking "experienced trial practitioners" and citing Susman Godfrey's website. Experienced practitioners also know that under Rule 30, Humble is entitled to "depose any person," especially when they have been identified by a party as a person with knowledge. Early discovery *is* the most effective, which is why Humble began seeking depositions for Cigna's witnesses in *July* and why Humble sought to reach agreement regarding expert depositions in September. See Resp. at 2 ("In July, Humble sought to obtain depositions of four Cigna witnesses."); Exhibit 7 to Motion. Any so-called "late" discovery is due to Cigna's misconduct.

7. Cigna also argues that the expert depositions are unnecessary because "the parties are on equal footing on cross-examination of each other's expert witnesses at trial." Resp. at 6. Any "equal footing" does not moot or diminish Humble's need and right to depose Cigna's

---

[1] Cigna's tally of witnesses is also misleading because it forgets to tell the Court that it, too, deposed the same two third-party witnesses Humble did. So if Cigna wants to keep accurate score, Humble has only deposed one more witness than Cigna.

3977794v1/014796

experts. And, it certainly does not excuse Cigna's misrepresentations regarding its intentions with respect to expert discovery.

8. Finally, Cigna argues that Humble's expert, Charlotte Kohler, failed to "provide the identifying information necessary to connect Ms. Kohler's calculations to Cigna's records." Resp. at n.3. Cigna's complaint is baseless. Cigna's own expert Mary Beth Edwards provided data supporting her October 15, 2015 report *in the same format* that Cigna now claims is deficient. Moreover, Kohler's report identifies the medical claims at issue using (1) Humble's patient account number and (2) date of service for the procedure. If so inclined, Cigna could make the "connection" to its claims data by cross-referencing just two documents, *e.g.* HSH-CIGNA091004 and CIGNA064001 (or CIGNA064065 or CIGNA064066). This is more indolence and carelessness from Cigna.

Humble's requested relief is simple. Humble asks this Court to compel Cigna to produce for deposition the witnesses identified in its disclosures or confirm that it will not bring them to trial. Cigna strung Humble along, and turned the tables at the last minute. This Court should not condone Cigna's attempt at trial by ambush.

Dated: November 11, 2015

                                      Respectfully submitted,

                              By: */s/ John P. Lahad*
                                  Brian D. Melton
                                  Southern District of Texas No. 26016
                                  State Bar No. 24010620
                                  bmelton@susmangodfrey.com
                                  Jonathan J. Ross
                                  Southern District of Texas No. 18293
                                  State Bar No. 00791575
                                  jross@susmangodfrey.com
                                  John P. Lahad

Southern District of Texas No. 1114929
State Bar No. 24068095
jlahad@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

*ATTORNEYS FOR DEFENDANT
HUMBLE SURGICAL HOSPITAL LLC*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the undersigned counsel via ECF, on the 11th day of November, 2015:

John B. Shely
Dena Palermo
Brian Pidcock
**ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4152
(713) 238-7206 fax

*Attorneys for Plaintiffs*


*/s/ John P. Lahad*
John P. Lahad

5