IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § § § | JURY DEMANDED |
| vs. | § § | CIVIL ACTION NO.: H-13-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC | § § § | |
| Defendant. | § | |

# CIGNA'S MOTION TO EXCLUDE NEW CLAIMS IN HUMBLE'S SUPPLEMENTAL DAMAGE MODEL

The day before the October 30, 2015 discovery cut-off, Defendant ("Humble") produced a supplemental expert report from its damages expert (Charlotte Kohler) that includes at least **175 new claims**,[1] increasing the billed charges on which Humble calculates its alleged counterclaim damages from $22.5 million to $28.8 million—a **28%** increase. Humble waited until the end of the discovery period to add these new claims and, to date, has utterly failed to provide Cigna, as required under Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure, with the underlying "facts or data" needed to verify whether these new claims are in fact Cigna claims or involve Cigna members. Without

---

[1] There could be more than 175 and it appears from Kohler's report that there are as many as 200 new claims. Kohler's supplemental report does not adequately identify the new claims, and Cigna is still analyzing what little data Humble has since provided to determine the total number of new claims.

this information, Cigna cannot test Humble's newly proffered damages. Accordingly, Plaintiffs ("Cigna") move to exclude these new claims.

1.  On October 15, 2014, Humble provided an initial expert report from Kohler, which identified **424** claims totaling $22.5 million in billed charges and $9–$18 million in alleged damages. Kohler's report, however, provided scant information concerning the claims placed at issue. For example, Kohler's report did not identify the Cigna claim numbers assigned to the claims, nor did it provide the benefit plan names to which the claims correspond.[2] Cigna repeatedly requested Humble to provide the underlying claims information on which Kohler relied in support of her report, but it took Humble nearly a year to do so.[3] Cigna was thus required to undertake, on its own, a lengthy, multi-step process to analyze the 424 claims to confirm whether they were in fact Cigna claims and to prepare a rebuttal analysis. This process took months to complete.[4]

2.  On September 3, 2015, the Court granted Cigna's motion for continuance and ordered discovery to be completed by October 30, 2015.[5]

3.  On October 29, one day before the discovery cut-off, Humble provided Cigna with a supplemental expert report from Kohler that introduces

---

[2]  This information is crucial. Without knowing the particular benefit plan, for example, Cigna cannot determine the plan's cost-share percentage of the particular claim.

[3]  Exhibit 1 (Email correspondence between Cigna's counsel and Humble's former counsel regarding expert discovery and other issues).

[4]  Cigna served its initial rebuttal expert report on December 31, 2014. Cigna continued to work on refining its analysis regarding Humble's 424 claims, and ultimately served its supplemental rebuttal on October 30, 2015, the discovery deadline.

[5]  Dkt#132.

- 2 -
HOU:3620387.1

**597** claims—**at least 175 of which are new claims** that have never been previously disclosed.[6] Moreover, rather than performing a claim by claim analysis required under plans terms and ERISA, Kohler applies an improper damage model that aggregates Cigna's historical payments to Humble to derive a 48% payment rate and $13.7 million in alleged damages. Again, however, neither Kohler nor Humble provided any connection between these 597 claims and Cigna's claims data. In fact, Kohler's supplemental report does not even provide Cigna with the patient names. Simply stated, Kohler's supplemental report provides Cigna with no discernible means to confirm the new claims and test the accuracy of Kohler's calculations.

4. On November 11, Cigna advised Humble and the Court that it could not identify the newly-added claims in Kohler's supplemental report.[7] Despite its obligation under Rule 26 to provide all of the "facts and data" upon which its expert relies, Humble responded that Cigna could compile the necessary information from at least six other documents to piece together the patient name and Cigna claim numbers.[8]

5. Cigna tried Humble's *hunt-and-peck* exercise, but it did not work. As an accommodation, Cigna requested that Humble at least provide patient name information.[9] While Humble belatedly provided 597 names weeks after it

---

[6] Instead of relying solely on the original 424 claims in Kohler's previous report, Kohler's supplemental report identifies a total of 597 claims without delineating between which claims are new and which claims are part of the original 424. At the very least, 175 of the 597 claims are new claims entirely.

[7] Exhibit 2 (Email from Cigna's counsel to Humble's counsel dated 11/11/2015); Dkt#139 (Cigna's Response to Humble's Second Motion To Compel) at 6 n.3.

[8] Exhibit 2.

[9] Exhibit 3 (Email from Cigna's counsel to Humble's counsel dated 12/7/2015) at p. 1.

produced Kohler's supplemental report, Cigna is still unable to confirm whether the new claims are in fact Cigna claims for Cigna members without engaging in an extraordinarily time-consuming and burdensome analysis.[10] Humble's failure to comply with the basic requirements of Rule 26 is particularly prejudicial given that trial is set to commence in two weeks (on January 11, 2016) and Cigna still does not have the information necessary to validate the 175+ newly disclosed claims and test the accuracy of Kohler's calculations.

6. On December 22, 2015, at a telephonic hearing, the Court confirmed that it would not allow the "parties" to continue discovery beyond the cut-off date, as is evidenced in its written order. Dkt#147 (Order, Dec. 22, 2015) at 2 ("It is the Court's intent that the cut-off date for discovery apply to all discovery in this litigation."). For that cut-off date to be meaningful, Humble had to provide Cigna with all of the information necessary to assess Humble's damage model *by* the October 30, 2015 deadline—not months afterwards, and only days before trial. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 113 (2d Cir. 2002) ("District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys and should be prepared to impose sanctions when they encounter it."). Humble has in its possession the information Cigna needs. It is contained in Humble's electronic claims files (*i.e.*, 837 data) and other records, including provider explanation of benefits. Humble provided its 837 claims data to Kohler, but never produced it

---

10 Exhibit 4 (Email from Cigna's counsel to Humble's counsel, dated 12/23/15).

to Cigna.[11] And despite repeated requests, and Humble's agreement to produce, Cigna still does not have the information needed to perform an intelligible analysis of Humble's new claims prior to trial.[12] Humble's purposeful sluggishness should not be countenanced.

Accordingly, Humble's 175+ new claims included in Kohler's supplemental expert report should be excluded from trial.

---

[11] Exhibit 5 (Materials considered by Kohler, including native versions of 837 electronic claims files).

[12] Exhibit 6 (Email from Cigna's counsel to Humble's counsel, dated 12/9/2015, reflecting Humble's agreement to produce information regarding the 175+ new claims). Exhibit 7 (Email from Cigna's counsel to Humble's counsel, dated 12/23/2015, again requesting Cigna claim numbers and identification of newly added claims). To date, Humble has not responded fully to Cigna's requests and has not furnished all of the information needed for Cigna to proceed with an analysis of Humble's new claims.

Respectfully submitted,

**ANDREWS KURTH LLP**

By: *s/ John B. Shely*
    **John B. Shely**
    State Bar No. 18215300
    Southern District No. 7544
    **Dena Palermo**
    State Bar No. 08928830
    Southern District No. 6082
    **Brian Pidcock**
    State Bar No. 24074895
    Southern District No. 1654553
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4105 (JBS)
    (713) 220-3846 (DP)
    jshely@andrewskurth.com
    dpalermo@andrewskurth.com
    brianpidcock@andrewskurth.com

**ATTORNEYS FOR PLAINTIFFS CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY**

- 6 -

HOU:3620387.1

## CERTIFICATE OF CONFERENCE

On December 24, 2015, the undersigned counsel conferred with counsel for Humble who represented that Humble is opposed to the relief requested in this motion.

*s/ Dena Palermo*
Dena Palermo

## CERTIFICATE OF SERVICE

On December 24, 2015, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*s/ Dena Palermo*
Dena Palermo