**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CONNECTICUT GENERAL LIFE** | § | |
| **INSURANCE COMPANY and** | § | |
| **CIGNA HEALTH AND** | § | |
| **LIFE INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiffs,** | § | **JURY DEMANDED** |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.: 4:13-cv-3291** |
| | § | |
| **HUMBLE SURGICAL HOSPITAL, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## CIGNA'S TRIAL BRIEF ON THE ADMISSIBILITY OF CIGNA'S PATIENT SURVEYS

Since it opened its hospital doors in 2010, Humble has engaged in a scheme to defraud Cigna and its members. Part of the scheme involves fraudulently representing to potential patients who are Cigna members that Humble has the authority to waive amounts that the members are obliged to pay under the terms of their benefit plans if they want to use Humble. When Cigna first got wind of what Humble was up to, it began an investigation. As part of this investigation, Cigna asked members who had obtained services from Humble to fill out a survey about their experiences with Humble. Approximately 113 Cigna members returned a completed survey. Based in part on this evidence, Cigna invoked exclusion language in its benefit plans preventing payment on any more of Humble's claims unless Humble presents proof that the patients have paid their cost share responsibility.

Humble argues that these patient surveys are hearsay and thus inadmissible. Humble is wrong as a matter of law. "The hearsay rule does not apply to utterances introduced as operative facts." *United States v. Porter*, 482 F.2d 933, 934 n.5 (5th Cir. 1973); *see Safeway Stores, Inc. v. Combs*, 273 F.2d 295, 296 (5th Cir. 1960) ("The hearsay rule is inapplicable to an utterance proved as an operative fact."); *Connect Insured Tele., Inc. v. Qwest Long Distance, Inc.*, Civil Action No. 3:10-CV-1897-D, 2012 WL 2995063, at *7 & n.23 (N.D. Tex. July 23, 2012) (holding, in dispute between telecommunications companies about alleged improper payments, that records from third party were not hearsay because they were operative facts, "i.e., contracts that are not offered for the truth of the matters asserted in the documents"). The completed patient surveys are operative facts.[1]

In *HLT Existing Franchise Holding LLC v. Worcester Hospitality Group, LLC*, 609 F. App'x 669, 670–71 (2d Cir. 2015), for example, the Second Circuit held that the district court did not err in considering results from guest-satisfaction surveys when deciding whether HLT properly terminated a hotel franchising agreement. The surveys were not hearsay because they were admitted "for the

---

[1]    Cigna's survey questions are not themselves hearsay, because the hearsay rule only applies to positive declarations, not questions or inquiries. *United States v. Lewis*, 902 F.2d 1176, 1179 (5th Cir. 1990) ("The questions asked by the unknown caller, like most questions and inquiries, are not hearsay because they do not and were not intended to, assert anything."); *see also United States v. Rodriguez–Lopez*, 565 F.3d 312, 314–15 (6th Cir. 2009) ("[A] question is typically not hearsay because it does not assert the truth or falsity of a fact." (citation omitted)); *United States v. Thomas*, 451 F.3d 543, 547–48 (8th Cir. 2006) ("Questions and commands generally are not intended as assertions, and therefore cannot constitute hearsay."); *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 330 (3d Cir. 2005) ("Courts have held that questions and inquiries are generally not hearsay because the declarant does not have the requisite assertive intent, even if the question conveys an implicit message or provides information about the declarant's assumptions or beliefs.") (citations and quotation marks omitted).

purpose of showing their effect on HLT's decision to terminate the franchising agreement." *Id.* at 671 ("The surveys were thus not admitted for the truth of what the customers actually thought, still less for the accuracy of their purported reactions; what matters is that the data existed and that HLT did not act in bad faith or irrationally in relying on it."); *see Lloyd v. Birkman*, __ F. Supp. 3d __, 2015 WL 5202687, at *7 (W.D. Tex. Sept. 2, 2015) (holding that survey of successful police candidate was not inadmissible hearsay in suit by unsuccessful applicant, because it was offered as evidence of information available to certain commissioners at the time they made the appointment decision, not as proof of the matters asserted in the survey).[2]

Likewise, the patient surveys here are operative facts, not hearsay, because Cigna based its conduct on them. The truth of what Humble actually told the Cigna members is not the fact that Cigna seeks to prove. Rather, the surveys are the data Cigna reviewed and relied upon in making its claims determinations regarding Humble. In determining whether Cigna abused its discretion regarding these determinations, the Court "must consider whether the facts before [Cigna] and underlying its decision to deny benefits support that decision." *Vercher v. Alexander & Alexander, Inc.*, 379 F.3d 222, 232 (5th Cir. 2004); *see Dix v. Blue Cross & Blue Shield Ass'n Long Term Disability Program*, 613 F. App'x 293, 295 (5th Cir. 2015) ("A plan administrator abuses its discretion

---

[2]   *See also United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay."); *Bolen v. Paragon Plastics, Inc.*, 754 F. Supp. 221, 225 (D. Mass. 1990) (holding, in suit by salesman against CEO, that salesman's statements to customer were not hearsay, because they were not offered to prove the statements' truth, but rather were offered to demonstrate salesman's actions in reliance on CEO's promise).

where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial.") (internal citations omitted).[3]

   Cigna's patient surveys, therefore, are admissible.

ANDREWS KURTH LLP

By:  <u>s/ John B. Shely</u>

        **John B. Shely**
        State Bar No. 18215300
        Southern District No. 7544
        **Dena Palermo**
        State Bar No. 08928830
        Southern District No. 6082
        **Brian C. Pidcock**
        State Bar No. 24074895
        Southern District No. 1654553
        600 Travis, Suite 4200
        Houston, Texas 77002
        (713) 220-4200
        (713) 220-4285 – Fax

        **ATTORNEYS FOR PLAINTIFFS**
        **CONNECTICUT GENERAL LIFE**
        **INSURANCE COMPANY AND**
        **CIGNA HEALTH AND LIFE**
        **INSURANCE COMPANY**

---

[3]  *See also McCorkle v. Metro. Life Ins. Co.*, 757 F.3d 452, 457–58 (5th Cir. 2014) ("We reach a finding of abuse of discretion only when the plan administrator acted arbitrarily or capriciously. A decision is arbitrary if it is made without a rational connection between the known facts and the decision. Even though the administrator's decision to deny benefits must be supported by substantial evidence, substantial evidence is merely more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Ultimately, a court's review of the Plan administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision falls somewhere on a continuum of reasonableness—even if on the low end. Obviously, no court may substitute its own judgment for that of the plan administrator.") (internal citations omitted).

### CERTIFICATE OF SERVICE

On January 12, 2016, counsel for Cigna electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ John B. Shely*
John B. Shely

HOU:3622013.1