**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CONNECTICUT GENERAL LIFE** | § | |
| **INSURANCE COMPANY and** | § | |
| **CIGNA HEALTH AND** | § | |
| **LIFE INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiffs,** | § | **JURY DEMANDED** |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.: 4:13-cv-3291** |
| | § | |
| **HUMBLE SURGICAL HOSPITAL, LLC** | § | |
| | § | |
| **Defendant.** | § | |

---

## PLAINTIFFS' MOTION TO EXCLUDE TRIAL TESTIMONY OF MARK JOHNSON

---

Defendant ("Humble") intends to call Mark Johnson to testify that Cigna is liable for statutory penalties under ERISA § 502(c) as an alleged "*de facto*" plan administrator, for failure to furnish requested plan documents. As the Court recently recognized in the *Koenig* case, however, Mr. Johnson's theory is invalid. *See Koenig v. Aetna Life Ins. Co.*, Civil Action No. 4:13–CV–0359, 2015 WL 6554347, at *2 (S.D. Tex. Oct. 29, 2015); *Koenig v. Aetna Life Ins. Co.*, Civil Action No. 4:13–CV–0359, 2015 WL 6473351, at **5–7 (S.D. Tex. Oct. 27, 2015) (rejecting argument that third-party administrator could be liable under ERISA § 502(c) as *de facto* plan administrator).[1] Mr. Johnson's testimony should be

---

[1]  *See also Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990) (recognizing that § 502(c), as a penalty provision, must be strictly interpreted); *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009) (holding that parties other than the designated administrator, including third-party claims administrators, cannot "be held liable for the failure to supply plan participants with the plan documents they seek").

excluded on this basis alone. But there are also two other reasons to exclude him: calling him now violates an agreement between the parties, and because he offers only (erroneous) legal conclusions about the alleged meaning and effect of plan terms.

On January 6, 2016, Cigna wrote Humble that it was planning to file a motion to sever the ERISA § 502(c) penalties, and asked if Humble was opposed. *See* Exhibit 1. Humble responded: "No need to file a motion: we agree that the penalties should be decided by the court *after the jury trial*. We have already stipulated to the same with regards to attorneys' fees. Let's just stipulate likewise for the penalties." *Id.* (emphasis added). Cigna agreed to the stipulation. Thus, any ERISA § 502(c) issues should wait.

Nonetheless, there is nothing in Mr. Johnson's resume to suggest any familiarity, let alone expertise, with ERISA § 502(c),[2] and he offers only legal conclusions in support of his specious theory that Cigna could and did serve as the plans' *de facto* plan administrator. "Each courtroom comes equipped with a 'legal expert' called a judge." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 12113 (D.C. Cir. 1997). Thus, "expert testimony on legal matters is not admissible." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("Matters of law are for the trial judge").

In other words, an expert "may not testify as to whether the legal standard has been satisfied." *Walsh v. Principal Life Ins. Co.*, 266 F.R.D. 232, 238

---

[2]     Johnson is a lawyer (non-practicing since 1992) who worked as a director for American Airlines for about ten years, until 2001. While at American Airlines, Johnson asserts he had design and operational responsibility for various of his employer's pension, 401(k), group life, and health plans. In the fourteen years since he left American Airlines, Johnson has had his own consulting company.

(S.D. Iowa 2010) (finding that a report from Johnson was "riddled with legal conclusions," and "disregarding all conclusory legal statements" in the report and Johnson's deposition testimony). But such testimony is all Mr. Johnson offers.

"[T]his Court's authority does not extend to redrafting or modifying the text of [ERISA § 502(c)]." *Koenig*, 2015 WL 6473351, at *7 ("To do so in this instance would be to contravene one of ERISA's basic principles—that a plan not be modified or superceded by extrinsic evidence.") (citation omitted). As that is what Humble is seeking to do with Mr. Johnson and his *de facto* plan administrator theory, his testimony should be excluded.

Since 2007, at least seven different federal district courts have refused to consider or allow similar purported expert testimony by Mr. Johnson because it consisted of improper legal conclusions.[3] This Court should be the eighth. Allowing the oft-excluded Johnson to propound his legal conclusions now, in

---

[3]    Notably, Johnson omits these seven cases from the resume that Humble provided to Cigna in this case—almost as if he was trying to hide them. The cases are: *Greene v. Drobocky*, Civil Action No. 1:12-CV-00078-TBR, 2014 WL 3955288, at *3 (W.D. Ky. Aug. 13, 2014) (excluding Johnson's testimony and opinions as to "whether Defendants' purported actions are violations of ERISA"); *Johnson v. Evangelical Lutheran Church in Am.*, Civil No. 11-00023 (MJD/LIB), 2013 WL 1249151, at **1, 5 (D. Minn. 2013) (granting motion to strike Johnson's report "because it consists solely of plan interpretation and legal conclusions"); *Nalbandian v. Lockheed Martin Corp.*, No. 10-CV-1242-LHK, 2011 WL 3881473, at *5 n.1 (N.D. Cal. Sept. 1, 2011) (ignoring Johnson's report because it is "largely limited to a review [of] the factual record and legal conclusions regarding interpretation of the Plan, functioning at best as supplemental briefing for Plaintiffs"); *Rengifo v. Hartford Life & Accident Ins. Co.*, No. 8:09-CV-1725-T-17MAP, 2010 WL 5253137, at *9 (M.D. Fla. Dec. 13, 2010) (declining to consider Johnson's affidavit because it offered legal conclusions); *Walsh*, 266 F.R.D. at 238 (finding that Johnson's report was "riddled with legal conclusions," and "disregarding all conclusory legal statements" in the report and Johnson's deposition testimony); *Halbach v. Great-West Life & Annuity Ins. Co.*, No. 4:05CV02399 ERW, 2007 WL 2108454, at **1–4 (E.D. Mo. July 18, 2007) (granting motion to strike Johnson's report and testimony); *In re Touch Am. Holdings, Inc., ERISA Litig.*, No. CV-02-106-BU-SHE, 2007 WL 4790799, at *1 (D. Mont. Feb. 1, 2007) (same).

violation of the parties' agreement, will only waste the Court's time. Cigna therefore files this objection to allowing Johnson's purported expert testimony at trial.

Respectfully submitted,

**ANDREWS KURTH LLP**

By:  *s/ John B. Shely*
    **John B. Shely**
    State Bar No. 18215300
    Southern District No. 7544
    **Dena Palermo**
    State Bar No. 08928830
    Southern District No. 6082
    **Brian Pidcock**
    State Bar No. 24074895
    Southern District No. 1654553
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4105 (JBS)
    (713) 220-3846 (DP)
    jshely@andrewskurth.com
    dpalermo@andrewskurth.com
    brianpidcock@andrewskurth.com

**ATTORNEYS FOR PLAINTIFFS CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY**

HOU:3619060.2

**CERTIFICATE OF SERVICE**

On January 19, 2016, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the CM/ECF system.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

_s/ Dena Palermo_
Dena Palermo

**CERTIFICATE OF CONFERENCE**

Based on representations made by Humble's counsel in open court during trial in this matter, Humble is opposed to the relief requested herein.

_s/ Dena Palermo_
Dena Palermo

- 5 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **CONNECTICUT GENERAL LIFE** | § | |
| **INSURANCE COMPANY and** | § | |
| **CIGNA HEALTH AND** | § | |
| **LIFE INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiffs,** | § | **JURY DEMANDED** |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.: 4:13-cv-3291** |
| | § | |
| **HUMBLE SURGICAL HOSPITAL, LLC** | § | |
| | § | |
| **Defendant.** | § | |

# ORDER

Plaintiffs' Motion to Exclude Trial Testimony of Mark Johnson is GRANTED in all respects.

The Court ORDERS that Mark Johnson is unable to testify at trial.

SIGNED this _____ day of _____, 2016.

_____
Kenneth M. Hoyt
United States District Judge