IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § § | JURY DEMANDED |
| vs. | § § | CIVIL ACTION NO.: 4:13-cv-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC, | § § § | |
| Defendant. | § | |

## CIGNA'S TRIAL BRIEF ON THE IMPERMISSIBLE SCOPE OF HUMBLE'S PROPOSED EXAMINATION OF WILLIAM WELCH

The Court, over Cigna's objection,[1] has ordered that Humble can examine Cigna's in-house counsel, William Welch, as to subjects that are "not protected by the attorney-client privilege."[2] Humble has advised that it intends to ask Mr. Welch about privileged communications concerning 2015 amendments to plan language regarding exclusions, and argues that it is entitled to this testimony under the ERISA "fiduciary exception" to the attorney-client privilege. As a matter of law, however, the fiduciary exception

---

[1] *See* Dkt#196. Cigna reiterates its objection to Humble examining Mr. Welch at all. *See id.*; *see also Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66–67 (1st Cir. 2003) (affirming district court's quashing of trial subpoena to opposing counsel, because "procurement of trial testimony from opposing counsel is generally disfavored," and noting, as evidence of an intent to harass, that counsel "served the subpoena the day before trial, without the slightest attempt to explain why she had failed to depose opposing counsel during the preceding" years-long period of ongoing discovery).

[2] Dkt#201.

HOU:3626580.1

does not apply to "settlor functions," such as communications about how and why to amend plan language.

Moreover, regardless of any privilege, "[a]n attorney's thoughts are inviolate. Even though an attorney's mental impressions and opinions fall outside of the attorney-client privilege, they also fall outside the arena of discovery as their disclosure would contravene the public policy underlying the orderly prosecution and defense of legal claims." *Nguyen v. Excel Corp.*, 197 F.3d 200, 210 (5th Cir. 1999) (holding that order authorizing deposition of employers' counsel was overbroad to the extent it permitted inquiry into counsels' opinions and understanding of employer's perceptions) (internal citations omitted). Mr. Welch's thoughts are inviolate.

## ARGUMENT

### A. Communications relating to "settlor acts"—like amending an ERISA plan—are protected by the attorney-client privilege

In the ERISA context, the fiduciary exception prevents an ERISA fiduciary from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration. *See United States v. Mett*, 178 F.3d 1058, 1062–63 (9th Cir. 1999).[3] Humble has not cited a single authority to suggest that mere assignees—like Humble—are also entitled to invoke the exception. Regardless, "[t]he exception has no application" as to "communications between a fiduciary and its attorneys on non-fiduciary matters." *Hill v. State Street Corp.*, No. 09-10750, 2013 WL 6909524, at *2 (D. Mass. Dec. 30, 2013) (citation omitted).

---

[3] In this Circuit, the exception is rooted in the idea that "[w]hen an attorney advises a plan administrator other fiduciary concerning plan administration, the attorney's clients are the plan beneficiaries for whom the fiduciary acts, not the plan administrator." *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 645 (5th Cir. 1992).

An ERISA-plan administrator "may assert attorney-client privilege as to communications between the administrator and its attorneys on non-fiduciary matters, such as when the communications relate to plan sponsor or 'settlor' functions of adopting, *amending*, or terminating an ERISA plan, and not to fiduciary functions of managing or administering the plan." *Tatum v. R.J. Reynolds*, 247 F.R.D. 488, 493, 496 (M.D.N.C. 2008) (holding that documents containing communications seeking or reflecting legal advice concerning whether and how to amend ERISA plan were protected by the attorney-client privilege) (emphasis added); *see Varity Corp. v. Howe*, 516 U.S. 489, 504 (1996) (recognizing that a decision about whether and how to amend a plan is a settlor function).[4]

"Thus, 'settlor acts,' which involve the adoption, funding, amendment, modification, or termination of an employee benefit plan, remain privileged, and are not subject to the fiduciary exception [to the attorney-client privilege] because such settlor acts are more akin to those of a non-fiduciary trust settlor than they are to those of a trustee." *Hill*, 2013 WL 6909524, at *2 (citation omitted); *see Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999) ("ERISA's fiduciary duty requirement simply is not implicated where [employer], acting as the Plan's settlor, makes a decision regarding the form or structure of the

---

[4] *See also Wachtel v. Health Net, Inc.*, 482 F.3d 225, 233 (3d Cir. 2007) (holding that fiduciary exception to the attorney-client privilege did not apply to ERISA fiduciary and its corporate parents); *In re Long Island Lighting Co.*, 129 F.3d 268, 271 (2d Cir. 1997) (holding that ERISA fiduciary was entitled to attorney-client privilege with respect to communications with its attorneys on non-fiduciary matters).

HOU:3626580.1

Plan such as who is entitled to receive Plan benefits and in what amounts, or how such benefits are calculated.").[5]

Humble relies on *Stoffels v. SBC Communications, Inc.*, 263 F.R.D. 406 (W.D. Tex. 2009), to argue that it is entitled to examine Mr. Welch about the 2015 plan amendments. But the opinion actually supports **Cigna**. In *Stoffels*, SBC retirees sued SBC, alleging that the company violated ERISA "by modifying, eliminating and/or reducing" an "OOR" benefit. *Id.* at 410. The plaintiffs sought a number of attorney-client privileged communications, arguing "that discussions as to whether and how to *implement* a plan amendment or termination are also fiduciary duties," and so subject to the fiduciary exception. *Id.* at 414–16 (italics in original). The district court **rejected** the plaintiffs' argument, and held that the communications were **not** subject to the fiduciary exception. *Id.* at 414–21.

Accordingly, any privileged communications regarding settlor acts such as plan design—including the 2015 plan amendments—retain their attorney-client privilege.

**B.     Humble relies on a Ninth Circuit opinion that does not concern amending an ERISA plan (or any other settlor act)**

In addition to *Stoffels*, Humble's only other putative authority for allowing its examination of Mr. Welch is a Ninth Circuit opinion. The opinion is distinguishable, however, as it does not involve an assignee seeking to

---

[5]  *See also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 429 (5th Cir. 2003) ("[A] company does not act in a fiduciary capacity by simply amending a plan."); *King v. Nat'l Human Res. Comm., Inc.*, 218 F.3d 719, 723 (7th Cir. 2000) (recognizing it is "clear that the defined functions of a fiduciary do not include plan design, the amendment of a plan, or the termination of a plan").

- 5 -

invoke the fiduciary exception, does not concern any settlor functions, and involves only pre-litigation communications.

In *Stephan v. Unum Life Insurance Co. of America*, 697 F.3d 917, 921 (9th Cir. 2012), a plan beneficiary (Stephan) sued the plan administrator (Unum) under ERISA, disputing its calculation of his disability benefits. Stephan sought to invoke the fiduciary exception to discover pre-litigation memoranda created by Unum's in-house counsel that "offer[ed] advice solely on how the Plan ought to be interpreted," and that were communicated "before any final determination on Stephan's claim had been made." *Id.* at 930, 932–33. The Ninth Circuit held that these documents concerned plan administration (rather than settlor acts), and were not preparation for litigation. *Id.* at 933. They were therefore subject to the fiduciary exception. *Id.*

In contrast, the 2015 plan amendments here concern settlor acts, not plan administration. *See supra*. Moreover, Cigna filed this lawsuit in 2013. Thereafter, any mutuality of interests between the beneficiaries and Cigna, which is a prerequisite to the existence of the fiduciary exception, ceased to exist. *See Stephan*, 697 F.3d at 933 (agreeing "with the weight of authority" that, after the final administrative appeal, "the interests of the Plan fiduciary and the beneficiary diverge" and the fiduciary exception does not apply).

Humble thus has no authority supporting application of the fiduciary exception to privileged communications about the 2015 plan amendments.

## CONCLUSION

As a matter of law, Mr. Welch's thoughts are inviolate, and any other testimony regarding the 2015 plan amendments is protected by the attorney-

client privilege. Humble's proposed line of examination is thus improper and cannot be allowed.

    Respectfully submitted,

    **ANDREWS KURTH LLP**

    By: *s/ John B. Shely*
        **John B. Shely**
        State Bar No. 18215300
        Southern District No. 7544
        **Dena Palermo**
        State Bar No. 08928830
        Southern District No. 6082
        **Brian Pidcock**
        State Bar No. 24074895
        Southern District No. 1654553
        600 Travis, Suite 4200
        Houston, Texas 77002
        (713) 220-4105 (JBS)
        (713) 220-3846 (DP)
        jshely@andrewskurth.com
        dpalermo@andrewskurth.com
        brianpidcock@andrewskurth.com

    **ATTORNEYS FOR PLAINTIFFS CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

On January 21, 2016, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

    *s/ John B. Shely*
    John B. Shely

HOU:3626580.1