UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § § | JURY DEMANDED |
| vs. | § § | CIVIL ACTION NO.: 4:13-cv-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC | § § § | |
| Defendant. | § | |

# CIGNA'S MOTION TO EXCLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES

Humble represented to this Court that it intends to call Cigna's counsel, William Welch, to elicit testimony on the fact that Cigna amended its insurance policy contracts to add 180 words subsequent to the events at issue in this lawsuit. It is undisputed that no 2015 or 2016 Cigna plans govern any claims in this case. Instead, Humble offers these amendments—described by Humble's counsel as "subsequent remedial language" (Trial Tr., Day 7, p. 11:25)—to demonstrate that it was "not at all crystal clear" what Cigna would do if "they determined that someone is a fee forgiver at the time of these events." *Id.* at 11:13–17. Humble's proffer fails as a matter of law.

Multiple Courts of Appeals have specifically held that Federal Rule of Evidence 407's bar on the use of subsequent remedial measures applies to subsequent changes in contracts. For example, in *Pastor v. State Farm Mutual*

*Automobile Insurance Co.*, the Seventh Circuit held that Rule 407 prohibited the Plaintiff from introducing changes made to State Farm's insurance policy subsequent to the events at issue in the case in order to support her argument that the meaning of the word "day" in the operative contract was ambiguous. 487 F.3d 1042, 1044 (7th Cir. 2007). As Judge Posner explained, "to use at trial a revision in a contract to argue the meaning of the original version would violate Rule 407 . . . by discouraging efforts to clarify contractual obligations, thus perpetuating any confusion caused by unclarified language in the contract." *Id*. The Court went on to hold that that "Rule 407 is not limited to 'repair' in the literal sense." *Id.*

The First, Third, and Tenth Circuit Courts of Appeals agree with Judge Posner's reasoning. For example, in *Hickman v. Gem Insurance Co.*, the Tenth Circuit held that a medical benefits insurer's change in reimbursement policy was ***not admissible*** to establish liability for abusing its discretion under the federal pension statute in applying prior plan's language. 299 F.3d 1208, 1214 (10th Cir. 2002). *See Reynolds v. Univ. of Pennsylvania*, 483 F. App'x 726, 733 (3d Cir. 2012) (holding that Rule 407 precluded Plaintiff from introducing evidence that the university revised its marketing materials for graduate program to show confusion); *also Ekco Grp., Inc. v. Travelers Indem. Co. of Illinois,* 273 F.3d 409, 415 (1st Cir. 2001) (holding that changes that insurer organization made to standard form language in "advertising injury" coverage provision in general commercial liability policy made after insured's advertising injury claim arose were not admissible against insurer to construe meaning of language of provision before claim arose).

Humble apparently intends to use contracts that do not govern *any* claims in this case to show that the operative, relevant contracts were not "clear." (Trial Tr., Day 7, p. 11:13–17). But expression can always be made clearer and to change language in a policy is simply a precaution against recurrent misunderstanding." *Ekco Grp., Inc.,* 273 F.3d at 415.

Rule 407 specifically prohibits Humble from attempting to use 2015–2016 policy language against Cigna in this case.

        Respectfully submitted,

        **ANDREWS KURTH LLP**

        By:  *s/ John B. Shely*
            **John B. Shely**
            State Bar No. 18215300
            Southern District No. 7544
            **Dena Palermo**
            State Bar No. 08928830
            Southern District No. 6082
            **Brian Pidcock**
            State Bar No. 24074895
            Southern District No. 1654553
            600 Travis, Suite 4200
            Houston, Texas 77002
            (713) 220-4105 (JBS)
            (713) 220-3846 (DP)
            jshely@andrewskurth.com
            dpalermo@andrewskurth.com
            brianpidcock@andrewskurth.com

        **ATTORNEYS FOR PLAINTIFFS CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY**

- 4 -

## CERTIFICATE OF SERVICE

On January 21, 2016, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*s/ John B. Shely*
John B. Shely

## CERTIFICATE OF CONFERENCE

Based on representations made by Humble's counsel in open court during trial in this matter, Humble is opposed to the relief requested herein.

*s/ Dena Palermo*
Dena Palermo

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § § | JURY DEMANDED |
| vs. | § § | CIVIL ACTION NO.: 4:13-cv-3291 |
| HUMBLE SURGICAL HOSPITAL, LLC | § § § § | |
| Defendant. | § | |

## ORDER

Cigna's Motion to Exclude Evidence of Subsequent Remedial Measures is GRANTED.

It is so Ordered.

Signed on this _____ day of _____, 2016.

_____
Kenneth M. Hoyt
United States District Judge

HOU:3626611.1