United States District Court
Southern District of Texas
**ENTERED**
June 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3291 |
| | § § | |
| HUMBLE SURGICAL HOSPITAL, LLC, | § § | |
| Defendant. | § | |

## ORDER AWARDING ATTORNEYS FEE AND COSTS

Before the Court are the parties' competing motions for attorneys' fees and costs of court. The Court entered an Order directing both Cigna and Humble to submit motions for attorneys' fees in order that the Court may determine, from both parties perspectives, (a) the time and labor required for this litigation; (b) the novelty and difficulty of the issues; (c) the level of skill required to prepare and present the case; (d) the usual and/or customary rate for such services; (e) the experience, reputation and ability of the attorneys; and (f) the amount that counsel of similar abilities are awarded and/or bill in similar cases. *See Johnson v. Georgia Highway Express*, 488 F.2d 714) (5th Cir. 1974).

Cigna initiated this suit against Humble based on allegations of overpayment of health care claims due to Humble's alleged fraud and illegal kickbacks to physicians for referring patients to Humble's facility. Cigna sought restitution of overpayments allegedly made to Humble on previously paid claims. In addition, Cigna sought to reduce the amount due Humble on pending claims based on its interpretation of the sponsor plans and its application of a proportionate share analysis. In its Memorandum, the Court determined that Humble's Rule 52(c) motion should be granted as to all of Cigna's causes of action and that Humble should

recover on its ERISA § 502(a)(1)(B) counterclaim.  Based on these determinations, the Court is of the opinion that Humble is entitled to recover an attorneys' fee pursuant to ERISA and for its defense waged against Cigna's suit.  *See* 29 U.S.C. § 1132(g); *see also* 28 U.S.C. § 2201(a).

Cigna claimed that Humble employed a billing scheme that caused it to pay more than its member/participant/insured's required share under the various benefit plans, while permitting plan members to pay virtually nothing at all or, at best, nominal amounts.  Based on the Court's analysis and reasoning, set forth in its Memorandum Opinion, the Court determined that Cigna's claim(s) for reimbursement of overpayments made pursuant to ERISA and/or common law fail, as a matter of law and that Cigna's defenses to Humble's ERISA claims also fail. Cigna acted in bad faith with regard to processing Humble's claims by failing and refusing to provide pertinent plan documents and related information and in initiating a suit against Humble based on flawed logic.  It is clear that Humble is entitled to a declaratory judgment concerning its unpaid and/or underpaid claims purportedly processed by Cigna.

A review of the competing motions reveals that:  (a) the time expended by Humble's attorneys, 6,516.4 hours, is reasonable because of the two-fold nature of the litigation – a defense to Cigna's causes of action and its suit under ERISA -- requiring significant time and substantial labor; (b) the hourly rates and range of fees charged by Humble's attorneys compares favorably to that charged by Cigna's attorneys [Humble: $455 - $705 hourly vs. Cigna:  $400 - $795 hourly] and fall within the prevailing market rate and/or rates of similarly situated large firms in Houston; (c) ERISA litigation is complex commercial litigation that, in this instance, required an analysis of hundreds of claims, extensive discovery, numerous dispositions, substantial document production by both parties, all of which generated discovery motions and dispute,

expert witnesses and a substantial financial and human resources outlay to support and sustain the legal positions taken.

The Court concludes that the reputation of the attorneys representing Humble is above approach and, coupled with their experience and skills, should be awarded the fees requested. On the merits, Humble successfully defended against Cigna's suit and achieved success on its own cause of action. *See Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2151 (2010); *Life Care Management Services LLC v. Insurance Mgmt. Adms. Inc.,* 703 F.3d 835, 846 (5th Cir. 2013).

The Court, therefore, awards counsel for Humble attorney's fees of $2,743,790. Humble is also awarded costs as allowed by 28 U.S.C. § 1920. Cigna's motion for an attorney's fee is Denied.

It is so Ordered.

SIGNED on this 15th day of June, 2016.

_____
Kenneth M. Hoyt
United States District Judge