UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JUN 27 2016

David J. Bradley, Clerk of Court

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) CIVIL ACTION NO. 4:13-CV-3291 ) |
| HUMBLE SURGICAL HOSPITAL, LLC, | ) ) |
| Defendant. | ) |

### PETITION TO INTERVENE FOR
### LIMITED PURPOSE OF UNSEALING RECORDS

NOW COMES the Petitioner, Thomas J. Pliura, M.D., J.D., *pro se*, and respectfully petitions this honorable Court for an order granting petitioner the right to intervene in the above-caption matter for limited purpose of requesting this honorable Court unseal the sealed documents presently filed with the Court herein, including, but not limited to, the pleadings, exhibits, and trial transcripts. In support of said motion, petitioner respectfully states as follows:

1. Petitioner is an attorney licensed to practice law by the states of Illinois and Missouri and is a member of the bars of the Northern, Central and Southern Districts of Illinois. However, petitioner is not licensed to practice in Texas and is not a member of the bar of this court. This petition is, instead brought *pro se* and a member of the public.

2. In the above-referenced cause, the parties have petitioned for and the court has granted the sealing of numerous documents, including but not limited to, pleadings, exhibits, and trial transcripts.

1

3. The common law recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 U.S. Dist. LEXIS 38709, *3 (E.D. Tex. Mar. 26, 2015) citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306 (1978); *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993); and *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981).

4. The Fifth Circuit has explained that right is implemented through "a strong presumption in favor of a common law right of public access to court proceedings." *Trover Grp., Inc.*, *id*, citing *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010); and *In re Violation of Rule 28(d)*, 635 F.3d at 1356.

5. Public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir.1993).

6. As explained by the Supreme Court in *Nixon v. Warner Communications*, 435 U.S. 589, 597-598, enforcement of the right of public access is not conditioned upon a proprietary interest in the documents.

7. It is not the movant but the party seeking to overcome the presumption of access that bears the burden of showing that the interest in secrecy outweighs the presumption. *North Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 2012 U.S. Dist. LEXIS 190864, *10-11 (S.D. Tex. Sept. 27, 2012), citing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

8. A judge is "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal" and must not simply "rubber stamp a stipulation to seal the record." *North Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, at *10.

9. In the instant case, suit was brought by Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") against Humble Surgical Hospital, LLC ("Humble"), to recover alleged overpayments made to Humble for out-of-network healthcare services rendered at its facility to members/patients of healthcare benefit plans administered and/or insured by Cigna. According to Cigna, the overpayments were a result of Humble's fraudulent billing practices and/or scheme to defraud private payors, such as Cigna, by engaging in prohibited practices, namely "fee forgiving" (routinely waiving members' financial responsibility under the terms of their plans) and allegedly paying kickbacks to physician-owners for their patient referrals. Humble asserted counterclaims against Cigna for, *inter alia,* unjustified nonpayment, underpayment and/or delayed payment of claims.

10. On June 1, 2016, this honorable Court entered an order granting Humble's Rule 52 motion for judgment and awarded Humble $11,392,273 in compensatory damages for underpaid claims and an additional $2,299,000 in penalties for Cigna's bad faith and breach of fiduciary duties, together with attorney's fees, pursuant to ERISA and Declaratory Judgment Act.

11. Defendant CIGNA and/or its related organizations are involved in other matters involving alleged spurious denials of claims based upon unfounded allegations of fee-

forgiving, including, but not limited to, *Advanced Ambulatory Surgical Center v CGLIC*, 13 cv 7227, Northern District of Illinois.

12. In the instant case, numerous otherwise public documents have been filed under seal, either on motion of the filing party or on joint motion, including:

| Doc. # | Description |
|---|---|
| 22 | Cigna's Response to Humble's Motion for Judgment on the Pleadings on the Basis of ERISA Preemption (With attachments) |
| 68 | Plaintiffs Exhibits to Doc. 66 Motion for Leave to Amend Complaint |
| 88 | Defendant's Motion to Compel (With attachments) |
| 93 | Cigna's Response to Humble's Motion to Compel |
| 106 | Plaintiffs' Exhibits "A" through "F" to First Amended Complaint |
| 114 | Exhibits 1-6 to RESPONSE in Opposition to MOTION for Relief |
| 122 | Exhibit 10 to Motion for Continuance |
| 153 | "Sealed Event" (with attachments) filed by Humble |
| 158 | Exhibit B to Joint Pretrial Order |
| 192 | Humble's Motion to Seal Deposition Transcripts - Deposition Transcripts attached |
| 211 | "Sealed Event" |
| 219 | "Sealed event" with attachments |
| 220 | Exhibits to CIGNA's Motion for Entry of Judgment |
| 221 | "Sealed event" |
| 229 | Trial transcript |
| 230 | Trial transcript |

| 231 | Trial transcript |
| --- | --- |
| 232 | Trial transcript |
| 233 | Trial transcript |
| 234 | Trial transcript |
| 235 | Trial transcript |
| 236 | Trial transcript |
| 237 | Trial transcript |
| 238 | Exhibits to CIGNA corrected motion for Judgment |
| 239 | "Sealed event" with attachments |
| 241 | "Sealed event" |
| 248 | Affidavit of John B. Shely |

13. Respectfully, the parties herein have failed to make the necessary good cause showing why these documents and transcripts should be shielded from the public eye.

14. As the Court of Appeals for the Seventh Circuit stated in *Union Oil Company of California v. Leavell*, 220 F.3d 562, (7th Cir. 2000):

> Many a litigant would prefer that the subject of the case-how much it agreed to pay for a construction pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including business rivals and customers), but the tradition that litigation is open to the public is of very long standing. People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

15. The sealed materials are directly relevant to the public in determining whether benefit plans are improperly avoiding or reduce payments to providers based on spurious claims of fee-forgiving.

16. To the extent that any of the sealed materials actually contain legitimate competitively sensitive trade secrets, such as contracted reimbursement rates, this very narrow scope of information can be easily redacted.

WHEREFORE, Movant, Thomas J. Pliura, M.D., J.D., *pro se*, respectfully moves for an order permitting him to intervene in the above-cause for the limited purpose of requesting that the above-identified materials docketed herein be unsealed.

Respectfully submitted via conventional filing pursuant to Rule 1D of the Administrative Procedures for Electronic Filing in Civil and Criminal Cases for the Southern District of Texas, this 23rd day of June, 2016,

Thomas J. Pliura, M.D., J.D.
Movant *pro se*
P.O. Box 130
LeRoy, IL 61752
Phone: (309)962-2299
Fax: (309)962-4646
Email: tom.pliura@zchart.com

## PROOF OF SERVICE

The undersigned deposes and says that he mailed a true and accurate copy of the forgoing Document to Counsel of Record for the above-named parties by placing said document, postage prepaid, in the United States Mail at Le Roy, Illinois on the 23rd day of June, 2016, and addressed as follows:

John Bruce Shely
Andrews Kurth LLP
600 Travis
Ste 4200
Houston, TX 77002


Brian Douglas Melton
Susman Godfrey LLP
1000 Louisiana St
Suite 5100
Houston, TX 77002-5096


Thomas J. Pliura, M.D., J.D.
Movant *pro se*
P.O. Box 130
LeRoy, IL 61752
Phone: (309)962-2299
Fax: (309)962-4646
Email: tom.pliura@zchart.com