IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | JURY DEMANDED |
| HUMBLE SURGICAL HOSPITAL, LLC | § § § § | CIVIL ACTION NO.: 4:13-cv-3291 |
| Defendant. | § | |

## CIGNA'S REPLY TO HUMBLE'S RESPONSE TO INTERVENOR'S PETITION TO UNSEAL

Plaintiffs ("Cigna") file this Reply to Defendant's ("Humble") Response (Dkt#267) to Intervenor Thomas J. Pliura, M.D., J.D.'s *pro se* petition to intervene to unseal records. Dkt#259.

1.  Intervenor's petition seeks to unseal certain records contending they are "directly relevant to the public in determining whether benefit plans are improperly avoiding or reduc[ing] payments to providers based on spurious claims of fee-forgiving." Dkt#259 at ¶ 15.

2.  Cigna opposes unsealing any records that reflect (1) patient protected health information ("PHI"), and (2) Cigna's confidential business information related to claim pricing. Dkt#265. Cigna's response to the petition identifies the specific locations in the record where such information exists. *Id.*

HOU:3705981.1

- 2 -

3.      Humble **agrees** with Cigna that PHI "should, of course, remain sealed and not made public" in accordance with the Health Insurance Portability and Accountability Act (HIPAA). Dkt#267 at p. 1; *see generally id.* (referencing PHI throughout Dkts. 110, 114, 122, 153, 158, 192, 219, 224, 226, 229, 230, 231, 232, 233, 234, 235, 236, 237, 241). Humble also **agrees** with Cigna that sealing, as opposed to redacting, is the appropriate means of protection where a significant amount of PHI exists. Humble contends, however, that PHI can be easily redacted otherwise.

4.      The parties fundamentally disagree on the portions of the record that contain a significant amount of PHI warranting sealing as opposed to redaction. Cigna has satisfied its burden by identifying the specific portions of the record that reflect PHI that must remain protected under HIPPA. *See* Dkt#265. Given the abundance of PHI throughout the record, and Humble's assertion that redactions can be performed easily, Humble should be charged with proposing the necessary redactions and submitting to the Court after agreement of the parties. Humble apparently agrees with taking the lead on proposed redactions. Dkt#267 at 12 (stating that "Humble will redact patient names" referenced on various documents).

5.      As to the second category of records, the sensitive and confidential business information that should continue to be sealed is related to Cigna's business of pricing and paying claims, not denying or reducing claims. Specifically, Cigna presented evidence before and during trial reflecting expert analysis and use of Cigna's confidential business information relative to pricing and payment (not denial or reduction) of claims for out-of-network and in-

network providers. Such information is not relevant to Intervenor's interest in "determining whether benefit plans are improperly **avoiding or reduc[ing]** payments to providers based on spurious claims of fee-forgiving." Dkt#259 at ¶ 15 (emphasis added). The only purpose for anyone to access this sensitive and confidential business information related to claim pricing and payment would be to gain an unfair competitive or negotiating advantage over Cigna.

6. Intervenor **does not oppose** protecting "competitively sensitive trade secrets, such as contracted reimbursement rates." Dkt#259; *see also* Dkt#265 (referencing confidential and proprietary information regarding Cigna's pricing and median contract rates for network providers at Dkts. 219, 232, 233, 234, 235, 237, 241). Humble also **does not oppose** protecting "specific rates and percentages" related to Cigna claim pricing or "the percentage of Cigna's contingency fee." Dkt#267 at 7-10, 11 (referencing Dkts. 153, 192, 219, 232, 234, 237, 241).[1]

Accordingly, Cigna respectfully requests that this Court deny Intervener's petition to intervene and to unseal records as outlined in the proposed order attached to Dkt#265.

---

[1] Despite agreeing to keep protected "the percentage of Cigna's contingency fee," Humble continues unnecessarily to attack Cigna for utilizing a contingency fee-based cost containment/"savings" program with its plan sponsor customers. Dkt#267 at 4-6. Notably, however, Humble steers clear of ever mentioning the uncontroverted trial testimony of Michael Battistoni, which established that Cigna generates no "savings" and earns no contingency-fee revenue when handling claims from Humble and other out-of-network providers as part of Cigna's fee-forgiving program. *See* Tr. (1/14/16) at 27-28.

HOU:3705981.1

Respectfully submitted,

**ANDREWS KURTH LLP**

By: *s/ John B. Shely*
    **John B. Shely**
    State Bar No. 18215300
    Southern District No. 7544
    **Brian Pidcock**
    State Bar No. 24074895
    Southern District No. 1654553
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4105 (JBS)
    jshely@andrewskurth.com
    brianpidcock@andrewskurth.com

**ATTORNEYS FOR PLAINTIFFS
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY and
CIGNA HEALTH AND LIFE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

On July 27, 2016, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

    *s/ Brian C. Pidcock*
    Brian C. Pidcock