IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:13-cv-3291 |
| v. | ) ) | |
| HUMBLE SURGICAL HOSPITAL, LLC | ) ) | |
| Defendant, | ) ) ) | |

## MOTION TO INTERVENE

**NOW INTO COURT,** through undersigned counsel, comes MultiPlan, Inc. and MultiPlan's wholly owned subsidiary, Viant, Inc. (collectively "MultiPlan"), who pursuant to Federal Rule of Civil Procedure 24, respectfully request an Order from this Court granting MultiPlan the right to intervene in the above-captioned matter for the limited purpose of responding to the "Petition to Intervene for Limited Purpose of Unsealing Records" (Rec. Doc. No. 259) filed by Thomas Pliura, MD, JD, *pro se*, an individual who has no interest in the above-captioned proceedings. In support of this Motion, Petitioners state as follows:

1. MultiPlan and Viant are providers of healthcare cost management solutions to third party payors.

2. MultiPlan is not a party to the litigation. Rather, MultiPlan is a third party whose only connection with the matter is its contractual relationship with Plaintiffs, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (together "Cigna"). Pursuant to that contractual relationship,

1

      Cigna is a client of MultiPlan and MultiPlan performed services for Cigna when requested to do so.

3. MultiPlan provided certain claims pricing services to Cigna in which MultiPlan used its proprietary claims processing engines.

4. Both MultiPlan and Viant were the subject of third party subpoenas issued by Defendant, Humble Surgical Hospital, LLC, in the above-captioned matter because of the services they provide to Cigna. (A copy of those subpoenas are attached hereto as Exhibit "A.")

5. Both MultiPlan and Viant produced documents pursuant to the subpoenas issued to them and made available a representative to testify at a deposition pursuant to the subpoena.

6. Much of the information produced by MultiPlan and Viant pursuant to the subpoena and the testimony of MultiPlan's representative, Robert Patterson, was designated "Confidential" or "Confidential - Attorneys Eyes Only" in accordance with the Protective Order entered by this Court (Rec. Doc. No. 27).

7. The documentation, as well as the deposition testimony of Mr. Patterson, included proprietary and confidential trade secret information. In fact, one of the pricing engines discussed in Mr. Patterson's deposition, Data Isight is patent protected. MultiPlan produced confidential, proprietary information with the understanding that it would be kept confidential pursuant to the Protective Order which this Court entered.

8. MultiPlan has learned through Plaintiffs' Response to Petition to Intervention for Limited Purposes of Unsealing Records (Rec. Doc. No. 265) which was submitted

to this Court by Cigna that some of MultiPlan's confidential, proprietary information is included in Exhibits 1, 2-5, 15 and 16 of Rec. Doc. No. 153 and in Exhibit 2 of Rec. Doc. No. 192.

9. MultiPlan seeks to intervene in this case pursuant to the Federal Rules of Civil Procedure Rule 24 on the basis that it has a real and definable interest in maintaining the confidentiality of its confidential, proprietary trade secret information which has been part of the court record. *See Ruiz v. Estelle,* 161 F.3d 814 (5th Cir. 1998); *see also Diamond v. Charles,* 476 U.S. 54, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986).

WHEREFORE, Petitioners, MultiPlan and Viant, respectfully request an Order permitting them to intervene in the above-captioned matter for the limited purpose of responding to the Petition for Intervention for Limited Purposes of Unsealing Records filed by Thomas Pliura, MD, JD, *pro se* (Rec. Doc. No. 259).

        Respectfully submitted,

        BAKER DONELSON BEARMAN CALDWELL
         & BERKOWITZ, P.C.

        By: __/ s / Karen D. Smith__

Serving as Lead Counsel to MultiPlan, Inc. and Viant, Inc.:
Karen D. Smith
SBN: 00785001
kasmith@bakerdonelson.com
1301 McKinney Street, Suite 3700
Houston, TX 77010
Phone: (713) 650-9700
Facsimile:  (713) 650-9701

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on this the 25th day of July, 2016 on the following:

| | |
|---|---|
| John B. Shely | via ECF |
| Brian Pidcock | |
| ANDREWS KURTH LLP | |
| 600 Travis Street, Suite 4200 | |
| Houston, Texas  77002 | |

Attorneys for Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company

| | |
|---|---|
| Brian D. Melton | via ECF |
| Jonathan J. Ross | |
| John P. Lahad | |
| SUSMAN GODFREY LLP | |
| 1000 Louisiana Street, Suite 5100 | |
| Houston, Texas  77002 | |

Attorneys for Defendant
Humble Surgical Hospital LLC

| | |
|---|---|
| Thomas J. Pliura, M.D., J.D. | via email and facsimile |
| *pro se* | |
| P. O. Box 130 | |
| LeRoy, Illinois  61752 | |

                                                           *Karen D. Smith*            .