United States District Court
Southern District of Texas
**ENTERED**
October 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3291 |
| | § | |
| HUMBLE SURGICAL HOSPITAL, LLC, | § § | |
| Defendant. | § | |

**ORDER ON MOTION TO UNSEAL**

Before the Court are the petition to intervene filed by Thomas J. Pliura, the plaintiff's and the defendant's responses.

The petitioner is an attorney and physician who, by his petition, seeks the unsealing of documents presented in pleadings or admitted into the evidence in this case. He argues that the common law recognizes the right of the public to examine and copy documents and records that form the basis of a pleadings file.

A presumption of a right of access arises subject to necessary limitations. *See United States v. Holy Land Foundation for Relief and Development,* 624 F.3d 685, 689 (5th Cir. 2010). Access, therefore, is not absolute, particularly where the purpose(s) for access are improper. *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Hence, a "court must balance the public's right of access against interest favoring nondisclosure." *Id.* Under case law, Cigna and Humble bear the heavy burden of showing that an Order sealing document is necessary. *See In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir. 1998).

In the case at bar, neither Cigna nor Humble oppose access to documents at some level. Hence, the need to balance competing factors is, by and large, obviated. Nevertheless, the Court

must determine, as between competing positions concerning the extent of access and the petitioner's demand for complete access, appropriate access to any disputed disclosures that fulfills the public's right of access and the individual patient's rights of privacy, as well as any corporation's right to protect its confidential business information.

In this case, the medical records fall within that category of documents that should remain sealed. However, access to plan documents between Cigna and governmental entities do not fall within that category. The taxpayers of the governmental entities have a right to know the terms of any contractual relationship that the entities enter into. That fact is made apparent when one considers the testimony of the government employee that testified in this case. It is also apparent that plan participants and their counsel cannot mount a plausible case for adjustments and/or reconsideration of a decision by an ERISA administrator without full knowledge of the terms of the healthcare plans. The Court is of the opinion that, except for the redactions of the public health information ("PHI") concerning plan participants, the plan documents and, as well, patient testimony should be accessible to the public.

Therefore, subject to redactions of public health information concerning the patients, the Court determines that documents identified by specific Docket Entries hereinafter are unsealed as designated. Redactions are to be done by the party requesting same and approved by opposing counsel as conforming to this Order. Therefore the petition should be granted in part, and denied in part as follows:

| **Docket Number** | **Description** |
|---|---|
| 229 | The Court unseals the January 11, 2016, Trial Transcript subject to redactions for PHI on pages 73-84, 101-102, 120, 140-141, 148, and 156. |

| | |
|---|---|
| 230 | The Court unseals the January 12, 2016, Trial Transcript subject to redactions for PHI on pages 2-138, 147-148, 166-167, 184-185, 220-221, 223, 233, 244-246, 250-254, 258-267, 277, 284, 287, 289, and 301. |
| 231 | The Court unseals the January 13, 2016, Trial Transcript subject to redactions for personal health information on pages 2-48, 49, 51, 60-61, 126, 142, 150-152, 166, and 246. |
| 232 | The Court unseals the January 14, 2016, Trial Transcript subject to redactions for (1) personal health information on pages 16-18, 26, 78-82, 90-91, 97, 101-105, 110-111, 113-115, 123-127, 167-187, 194, 214, 218-219, 225, 232-233, 259, 300, 302, 305, 311-314, and 317, and (2) specific percentages on pages 36-42 and 92-98 (fee percentages only). |
| 233 | The Court unseals the January 15, 2016, Trial Transcript subject to redactions for personal health information on pages 2, 4-46, 50-77, 46-49, 81, 83, 97-100, 108, 128-132, 135-141, 195, 213-214, 216, 220, 223-224, and 226. |
| 234 | The Court unseals the January 19, 2016, Trial Transcript subject to redactions for (1) personal health information on pages 21, 55, 88-89, 92, 100-101, 155-159, 164, 167, 174, and 179 and (2) specific percentages on pages 36-40 and 63-66. |
| 235 | The Court unseals the January 20, 2016, Trial Transcript subject to redactions for personal health information on pages 76-84, 85, 97, 168, 182, 184, 191-193, 197- 200, 204-207, 209, 211-212, 247, 255, 259, 260-261, 267, and 271. |
| 236 | The Court unseals the January 21, 2016, Trial Transcript subject to redactions for personal health information on pages 16, 22-23, 25, 29, 46-48, 53, 56, 58-59, 61, 79-80, 105, 111, 204, and 207. |
| 237 | The Court unseals the February 3, 2016 Trial Transcript subject to redactions for (1) personal health information on pages 32, 34-36, 38-40, 42-43, 48, 52, 57-62, 67, 70, 76-77, 86-87, 90, 100-101, 103, 117, 120, 123, 125-127, and 133 and (2) specific percentage on page 71. |
| 22 | Unsealed. |
| 68 | All exhibits unsealed. |

| | |
|---|---|
| 88 | Unsealed. |
| 93 | Unsealed. |
| 106 | All exhibits unsealed. |
| 110 | The Court unseals exhibits 1 and 3, 4, 5, 6, and 7. Exhibit 2 should remain under seal. |
| 114 | The Court unseals exhibits 6, 8, and 9 only. Other exhibits will remain sealed. |
| 122 | This document will remain sealed. |
| 153 | The Court unseals exhibit 1 and exhibits 13, 15, and 16 (subject to redaction for PHI). Exhibits 2-5 and 14 should remain sealed. |
| 158 | This document will remain sealed. |
| 192 | These deposition transcripts will be unsealed and redacted for PHI and other information in accordance with this order. |
| 210/211 | Unsealed. |
| 219 | This document shall be unsealed subject to the following redactions:<br>Page 3: Humble will redact patient names and other PHI.<br>Page 5: Humble will redact patient names and other PHI.<br>Page 6: Humble will redact patient and plan names and other PHI.<br>Page 9: Humble will redact patient names and other PHI.<br>Pages 27-28: Humble will redact patient names and other PHI.<br>Pages 19-20: Humble will redact specific percentages on these two pages.<br>Exhibit A: Humble will redact patient names and other PHI. |
| 220/221 224, 226, 238/239 | These documents will remain sealed. |
| 248 | Unsealed. |

The Court inadvertently denied intervenor's, Pliura, motion to intervene [DE 326]. That Order is Withdrawn.

It is so Ordered.

SIGNED on this 5th day of October, 2016.

                                                Kenneth M. Hoyt
                                                United States District Judge